A. E. DURLAND, APPELLEE, v. M. C. DURLAND ET AL., IMPLEADED WITH HARRY V. TEMPLE, APPELLANT.

FILED NOVEMBER 20, 1901.    No. 10,350.

1. **Foreclosure: PLEADING BREACH OF CONDITION: SUFFICIENT ALLEGATION.** In a suit to foreclose a real estate mortgage, brought subsequently to the maturity of the note it was given to secure, an averment in the petition that neither the debt nor any part thereof has been paid sufficiently pleads a breach of the condition of the mortgage.

2. **Averments: CODE.** In a mortgage foreclosure, the plaintiff is required, by suitable averments in the petition, to comply substantially with the requirements of section 850 of the Code of Civil Procedure.

APPEAL from the district court for Dawson county. Heard below before SULLIVAN, J. *Affirmed.*

*E. A. Cook,* for appellant.

*Warrington & Stewart,* contra.

NORVAL, C. J.

This is an appeal by defendants from a decree foreclosing a real estate mortgage. The sole ground urged for a reversal is that the petition fails to state a cause of action. The petition alleges the execution and delivery to plaintiff by defendants of the promissory note in the sum of $1,800, dated July 19, 1893, due one year thereafter with interest at eight per cent. per annum (a copy of which note

is set out in the pleading); that the defendants, to secure said note, executed and delivered to plaintiff their certain mortgage deed on the real estate therein described; that said mortgage contained the following condition: "Provided always, and these presents are upon the express condition, that if the said M. C. Durland, and Fanny B. Durland, their heirs, executors or administrators, shall pay or cause to be paid to the said A. E. Durland, his heirs, executors, administrators, or assigns, the sum of eighteen hundred dollars on the 19th day of July, 1894, with the interest thereon at the rate of eight per cent. per annum from this date according to the tenor and effect of the one promissory note of said M. C. Durland and Fanny B. Durland, bearing even date with these presents, then these presents to be void, otherwise to be and remain in full force." The petition alleges the filing and recording of the mortgage; avers that the defendant Temple has an interest in the land by virtue of a certain deed, which is subject to the mortgage sought to be foreclosed. The fourth paragraph of the petition is as follows: "No proceedings at law have been commenced or maintained for the collection of the debt secured by the said mortgagor, nor any part thereof, nor has said debt, nor any part thereof, been paid, and there is due thereon from the said M. C. Durland and Fanny B. Durland to the plaintiff the sum of $1,800 with the interest on said sum at eight per cent. per annum, payable annually, from the 19th day of July, 1893."

It is argued that the petition is fatally defective in that a breach of the condition of the mortgage is not averred. In this contention counsel for defendant is in error. Suit was not brought until August 17, 1897, or nearly three years after the maturity of the note that the mortgage was given to secure, and in paragraph four of the petition it is expressly stated, "nor has said debt, nor any part thereof been paid." Therefore, a breach of the condition of the mortgage is averred with sufficient particularity.

The further objection is made to the petition that it does not meet the requirements of section 850 of the Code of

Civil Procedure, which declares that "upon filing a petition for the foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid." There can be no doubt that this requirement of the statute is mandatory and a plaintiff seeking the foreclosure of a real estate mortgage must substantially comply therewith by making the proper averments in his petition. The defect imputed to the petition is that it is not alleged therein, in the language of the statute, whether any proceedings have been had at law for the recovery of the debt secured by the mortgage. But the petition does aver that no proceedings at law have been commenced or maintained for the collection of the debt secured by said mortgage. This is equivalent to the allegation required by the statute. The word "collection" in the sentence quoted from the petition is the equivalent of the word "recovery" contained in said section 850 of the Code of Civil Procedure. The petition states a cause of action, and the decree is accordingly

AFFIRMED.