ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY, Appellee,

v.

Jean FARNER, Appellant.

ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY, Appellant,

v.

Jean FARNER, Appellee.

Nos. 80–1657, 80–1705.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1981.

Decided May 12, 1981.

Gary Davis, argued, Charles Rick John-
son, Johnson, Johnson & Eklund, Gregory,
S. D., for Jean Farner.

Lawrence L. Piersol, argued, Davenport,
Evans, Hurwitz & Smith, Sioux Falls, S. D.,
for St. Paul Fire and Marine.

Before LAY, Chief Judge, ROSS, Circuit Judge, and ROBINSON, Senior District Judge.*

LAY, Chief Judge.

John Farner was killed March 17, 1971, when his truck crashed into a concrete column near Cle Elum, Washington. St. Paul Fire and Marine Insurance Company, the worker's compensation carrier for Farner's employer, allegedly paid the widow, Jean Farner, approximately $17,738.50 in compensation benefits. ' Subsequently, Mrs. Farner, as administratrix of the estate of her husband, recovered $125,000 in a wrongful death action against the manufacturer of the truck driven by John Farner. *Farner v. Paccar, Inc.*, 562 F.2d 518 (8th Cir. 1977). St. Paul brought the present action in the United States District Court for the District of South Dakota, seeking reimbursement of the worker's compensation benefits paid Mrs. Farner. The district court awarded summary judgment to St. Paul in the amount of $17,738.50, less a proportionate amount of Mrs. Farner's attorney's fees and *all of the costs* in the wrongful death action. Mrs. Farner appeals, alleging the trial court erred in interpreting South Dakota law and in overlooking some genuine issues of fact. St. Paul cross-appeals, alleging that issues of fact exist as to appropriate costs and expenses of the wrongful death action. We affirm the judgment in part but remand for further proceedings in accordance with this opinion.

*Capacity to be Sued.*

▮▮▮ Mrs. Farner is an "employee" within the meaning of South Dakota Codified Laws section 62–4–39 [1] because she is a deceased employee's dependent under section 62–1–3. St. Paul is an "employer" within section 62–4–39, as that term is defined in section 62–1–2. It follows that section 62–4–39 authorizes an employer's worker's compensation carrier, such as St. Paul, to obtain reimbursement for compensation [2] from a deceased employee's dependent who has "recovered damages" from a third party for the wrongful death of the decedent.

Mrs. Farner argues that because she was awarded the wrongful death judgment in her representative capacity she cannot be sued for reimbursement of worker's compensation in her individual capacity.[3] The issue of statutory interpretation before us is a narrow one and requires us to determine whether Mrs. Farner has recovered damages from another person within the meaning of section 62–4–39. Neither the statute nor South Dakota case law definitely aids us. Webster defines "recover" alternatively to mean (1) to get or win back, (2) to make good the loss or injury, or (3) to gain by legal process. Webster's Third New International Dictionary 1898 (1966). A decedent's dependent makes good the loss of the decedent to the extent he or she obtains compensation or payment, directly or indirectly, from the third party responsible for the death. We cannot say that a person

---

* Richard E. Robinson, Senior District Judge, District of Nebraska, sitting by designation.

1. S.D.C.L. § 62–4–39 provides:

   Compensation paid by employer—Reimbursement from damages recovered from third party. If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee such an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same.

2. Upon the death of an employee, the insurer may, at its option, pay benefits either to the decedent's personal representative or directly

to his beneficiaries. S.D.C.L. § 62–4–18. Under § 62–4–12, Mrs. Farner is a beneficiary.

3. Mrs. Farner objects that she, in her individual capacity, is not the real party in interest, but Fed.R.Civ.P. 17(a) governs who shall prosecute an action, not who shall defend one. We shall consider Mrs. Farner's objection that she, in her representative capacity, is an indispensable party as raising the issue of her capacity to be sued as an individual, although the issue would have more properly been raised by a Rule 12(b)(6) objection. *See Klebanow v. New York Prod. Exch.*, 344 F.2d 294, 296 n.1 (2d Cir. 1965).

recovers damages only if that person was the plaintiff, in his or her individual capacity, in the wrongful death action that generated the recovery of damages. Our conclusion supports the policy of the South Dakota statute by avoiding duplicate recoveries for injuries. S.D.C.L. § 62–4–38. Thus, we hold Mrs. Farner may be sued in her individual capacity for the amount of compensation she received from St. Paul which amount was included in the monies recovered in the wrongful death claim.

*Waiver of Reimbursement.*

■ In her answer, Mrs. Farner alleged that St. Paul "by its conduct waived its rights ... to recover ... [c]ompensation payments." The district court implicitly rejected the defense of waiver by granting summary judgment to St. Paul, but there was no discussion by the court of the basis, factual or legal, for its conclusion. We are satisfied, however, that the answer raises no genuine issue of material fact. The refusal of the insurer to advance costs to finance the wrongful death action does not constitute a waiver of its statutory right to recover the benefits paid under the act. We agree with the district court there was not a valid waiver by St. Paul of its claim.

*Amount of Compensation.*

■ An employer may recover from an employee who has recovered damages "an amount equal to the amount of compensation paid by the employer to the employee," less the employee's necessary and reasonable expenses of recovering the damages. The record on appeal is not adequate to support the award of summary judgment. There is a genuine issue of material fact as to the amount of compensation paid by St. Paul to Mrs. Farner. The allegation in the complaint is that St. Paul paid Mrs. Farner $17,738.50. In the motion for summary judgment, the amount alleged is $17,482.50; the affidavit in support of the motion mentions no amount. The exhibits accompanying the affidavit mention two other different amounts. The district court awarded summary judgment on the basis of the amount in the complaint, even though Mrs. Farner's answer denied the complaint's allegation. Furthermore, the record does not show whether or not the Farner children were directly paid a portion of the compensation which St. Paul attempts to recover from Mrs. Farner. The statute authorizes St. Paul to recover from Mrs. Farner only the amount of compensation paid her, less some portion of her expenses in the wrongful death action. On remand, St. Paul bears the burden of proving the amount paid Mrs. Farner.

*Expenses.*

■ We find the district court erred in requiring *all* of the expenses incurred in pursuing the wrongful death action to be paid by St. Paul. On remand, Mrs. Farner is liable to reimburse St. Paul the compensation paid her by St. Paul less a proportionate share of her necessary and reasonable expenses.[4] A proportionate sharing of expenses, similar to that under section 62–4–40, is implicit in the word "reasonable" under section 62–4–39, and is necessary to produce equitable results. The amount of expenses deductible from the compensation to be repaid to St. Paul shall bear the same proportion to the total expenses of the wrongful death action as the compensation paid Mrs. Farner by St. Paul bears to the amount recovered in the wrongful death

---

4. The final phrase in S.D.C.L. § 62–4–39 would eliminate some possible confusion if it read, "less the [employee's] necessary and reasonable expense of ... [recovering] the same [amount of damages from the other person]." We conclude that this is the intended meaning of the somewhat ambiguous language in § 62–4–39, by reason of analogy to § 62–4–40.

Section 62–4–39 apparently contains another drafting defect. The section may allow a carrier to recover the full amount of compensation paid by it to the employee, if the employee collects any damages, even as little as one dollar, from the third party. The statute is unclear whether a carrier can demand reimbursement of compensation in an amount greater than the damages recovered by the employee.

**492**

action.[5] The total expenses of the wrongful death action shall include attorney's fees of not more than thirty-five percent of the amount recovered in the wrongful death action. S.D.C.L. § 62–4–40. Similarly St. Paul raised a factual dispute as to whether certain expenses are reasonable and allowable, e. g., the cost of an attorney's secretary's time spent writing letters. These issues should be resolved by the district court on remand and the court should enter judgment for an exact sum in the amount of the compensation paid Mrs. Farner less reasonable and allowable costs and attorney's fees.

The judgment is affirmed in part; the cause is remanded for further proceedings in accordance with our opinion.