Steve **ELLIS** and Kaye Ellis, Husband and Wife, Plaintiffs and Appellees,

v.

The **CITY OF YANKTON**, South Dakota, a Municipal Corporation, Defendant and Appellant,

and

Alfred T. Burbach, Yankton County, South Dakota, and All Persons Unknown Who Have Or Claim to Have Any Interest In Or Lien Or Encumbrances Upon the Premises Described in the Complaint, Defendants.

No. 18674.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1994.

Decided Jan. 4, 1995.

Rehearing Denied Feb. 16, 1995.

C.E. Light, Yankton, for plaintiffs and appellees.

William J. Klimisch of Goetz, Hirsch and Klimisch, Yankton, for defendant and appellant.

WUEST, Justice.

City of Yankton (City) appeals the trial court's grant of Ellis' motion for summary judgment stemming from the sale of real property by Yankton County (County) for unpaid taxes. We affirm.

### FACTS

Yankton County had acquired tax deeds for nonpayment of taxes on several lots located within the City of Yankton. City had, prior to County's acquisition of the tax deed, certified to the County for collection certain unpaid special assessments on the properties arising from improvements made. Thereaf-

ter, County sold the lots at public auction at which time it was announced to the bidding public that the property was being sold subject to City's delinquent special assessments. Information regarding the amount and type of special assessments due on each parcel of property was distributed to auction participants prior to the start of the bidding. Steve and Kaye Ellis were successful bidders for the property at issue herein.

Thereafter, City commenced suit against Ellis for nonpayment of these unpaid delinquent special assessments. The City asked the court to determine it had liens on the six lots purchased at the sale by Ellis and to order the property sold to satisfy those liens. The trial court dismissed that case upon the grounds the City was not the real party in interest. The trial court held the action had to be brought by County because, pursuant to SDCL 9–43–50, the County Auditor is the party to collect such delinquent special assessments, the City having certified the same for collection. City did not appeal this ruling.

In January 1993, Ellis brought this quiet title action against the County, the City, and others to extinguish City's claim. City asserted its claim for payment of the delinquent special assessments. A default judgment was taken against all defendants except the City. Ellis moved for summary judgment against the City which the trial court granted. City appeals.

### STANDARD OF REVIEW

■ We first note our standard of review on a motion for summary judgment. It is settled law in this state that, in reviewing a motion for summary judgment:

> the evidence must be viewed most favorably to the nonmoving party; the movant has the burden of proof to clearly show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; summary judgment is not a substitute for trial; a belief that the nonmoving party will not prevail at trial is not an appropriate basis for granting the motion on issues not shown to be sham, frivolous, or unsubstantiated; summary judgment is an extreme remedy and should be

awarded only when the truth is clear and reasonable doubts touching upon the existence of a genuine issue of material fact should be resolved against the movant.

*Tibke v. McDougall,* 479 N.W.2d 898, 904 (S.D.1992); *Pickering v. Pickering,* 434 N.W.2d 758, 760 (S.D.1989). In reviewing a grant of summary judgment, this court is not bound by the trial court's factual findings and must conduct an independent review of the record. *Lamp v. First Nat'l Bank,* 496 N.W.2d 581, 583 (S.D.1993); *Taggart v. Ford Motor Credit Co.,* 462 N.W.2d 493, 499 (S.D. 1990); *Koeniguer v. Eckrich,* 422 N.W.2d 600, 601 (S.D.1988). "No one is entitled to summary judgment unless entitled thereto as a matter of law and there are no genuine issues of material fact. SDCL 15–6–56(c)." *Lamp,* 496 N.W.2d at 585.

### ANALYSIS AND DECISION

■ City of Yankton, from time to time, levied special assessments against the property purchased by Ellis. City sought to collect these special assessments pursuant to Plan Two of SDCL Chapter 9–43. Specifically, SDCL 9–43–43 through 9–43–53 apply to collection procedures under Plan Two. Under this procedure, delinquent special assessments are certified to the county for collection. When the county acquires a tax deed for nonpayment of taxes and subsequently sells the property, SDCL 9–43–51 provides the terms of the sale:

> If the combined taxes and delinquent special assessments or installments under Plan Two which have been certified to the county treasurer as provided by § 9–43–49 are not paid, the parcel shall be sold *for all such taxes and assessments* in accordance with chapter 10–23. ° *There shall be no separate sale* as provided in § 10–23–1; but *each parcel shall be sold for both taxes and assessments at a single sale* and redemption must be made by payment of all such special assessments and taxes. No tax sale shall relieve the land from liability for subsequent installments of special assessments. (Emphasis added).

■ Our determination of this matter requires statutory interpretation which is a question of law. *State v. Harris,* 494 N.W.2d

619, 622 (S.D.1993); *Vellinga v. Vellinga,* 442 N.W.2d 472, 473 (S.D.1989). We look to the rules of statutory construction for guidance as to a statute's interpretation. *Harris,* 494 N.W.2d at 622.

> Each statute must be construed according to its manifest intent as derived from the statute as a whole, as well as other enactments relating to the same subject. Words used by the legislature are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure. Where conflicting statutes appear, it is the responsibility of the court to give reasonable construction to both, and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable. However, terms of a statute relating to a particular subject will prevail over general terms of another statute. Finally, we must assume that the legislature, in enacting a provision, had in mind previously enacted statues [sic] relating to the same subject.

*Meyerink v. Northwestern Public Service Co.,* 391 N.W.2d 180, 183–84 (S.D.1986) (citations omitted); *Harris,* 494 N.W.2d at 622. Subsequent amendments to a law to clarify the existing law may offer guidance to the intent of the law as initially enacted, or to determine the rights intended to have been conferred under the law. *In re Farmers State Bank,* 466 N.W.2d 158, 160 (S.D.1991). However, "when the language of a statute is clear, certain and unambiguous there is no need of statutory construction and the only function of the court is to declare the meaning of the statute as expressed." *Sioux Falls Sch. Dist. v. Subsequent Injury Fund,* 504 N.W.2d 107, 110 (S.D.1993) (citing *In re AT & T Info. Sys.,* 405 N.W.2d 24, 27 (S.D. 1987); *In re Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984)).

■ Here, the statutory language appears to be "clear, certain and unambiguous" when it states "each parcel shall be sold for both taxes and special assessments at a single sale." SDCL 9–43–51 provides the manner in which the sale is to be performed. The auctioneer's announcement that the proper-

ties were "subject to" the special unpaid assessments cannot change the statute requiring the properties be sold for both taxes and delinquent assessments at a single sale.

SDCL 9–43–53 governs distribution of the proceeds from such sale. It provides:

> Whenever any parcel of land has been acquired by the county by tax deed and *sold and conveyed at a price less than* the total principal, interest, and costs of all general taxes and past-due installments of special assessments under plan two which are unpaid thereon, then the proceeds of such sale shall be applied first to the payment of expenses incurred by the county in the proceedings to take tax deed and in such sale proceedings; secondly, towards the payment of the total principal, interest and costs of all such general taxes, such distribution to be made pursuant to direction for disposition of proceeds as set forth in § 7–31–31; and thirdly, *the balance shall be applied toward and considered as payment of the principal, interest and costs of all such past-due installments of special assessments.* (Emphasis added).

The legislative history of this statute provides guidance to our determination of whether past-due installments of special assessments survive a tax sale of the property. Prior to 1973, the following language appeared at the end of this section: "if no balance remains for said third purpose, such past-due installments of special assessments shall nevertheless be canceled on the books of the county treasurer." In 1973, the legislature replaced that language with the following: "if no balance remains for said third purpose, such past-due installments of special assessments shall remain on the books of the county treasurer as a lien against each parcel of land purchased by tax deed." The 1973 legislature also promulgated SDCL 9–43–53.1, which provided in pertinent part:

> The county treasurer shall notify the city auditor or finance officer of the fact of such tax sale, the name and address of purchaser, and shall collect all past-due installments of such special assessments including principal and interest together with current installments of special assessments and general taxes in the next tax year.

The next year, the legislature repealed SDCL 9–43–53.1 and deleted the substituted language in SDCL 9–43–53 so the statute provided as it does today.

"The most important rule of statutory construction is to determine and give effect to the intention of the legislature." *Rural Pennington County Tax Ass'n v. Dier*, 515 N.W.2d 841, 843 (S.D.1994) (citing *Nelson v. Sch. Bd. of Hill City S.D.*, 459 N.W.2d 451, 455 (S.D.1990)). "In applying legislative enactments, we must accept them as written. The legislative intent is determined from what the legislature said, rather than from what we or others think it should have said." *Kayser v. S.D. State Elec. Comm'n*, 512 N.W.2d 746, 748 (S.D.1994) (quoting *Famous Brands*, 347 N.W.2d at 885)).

■ We note that the statute provides, by its plain language, for those circumstances in which the land is sold for less than the amount due for past-due taxes and delinquent special assessments. Based on the plain language of SDCL 9–43–53 and the legislative history of this statute, we conclude that past-due taxes and delinquent special assessments do not survive a tax sale of property and these items are considered paid in full, and thereby cancelled, when the monies obtained from the sale have been paid as provided by SDCL 9–43–53.

We have considered the other issues but this issue is dispositive of this case.

MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.