1996 SD 83

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Doyle GALLIGO, Defendant and Appellant.**

No. 19386.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1996.

Decided July 2, 1996.

Mark Barnett, Attorney General, Jason Harris, Assistant Attorney General, Pierre, for plaintiff and appellee.

Gustav K. Johnson, Rapid City, defendant and appellant.

PER CURIAM.

[¶ 1] Doyle Galligo (Galligo) appeals the restitution provision of a sentence for simple assault. We reverse and remand.

FACTS

[¶ 2] In March 1995, Galligo was involved in a stabbing incident in Rapid City, South Dakota. He was charged with two counts of aggravated assault and, pursuant to a plea bargain, pled guilty to one count of simple assault. In October, the trial court sentenced Galligo to one year in the Pennington County Jail, suspended 144 days of the sentence and placed Galligo on two years probation. The terms and conditions of probation included a requirement, "[t]hat [Galligo] pay restitution in the amount of $4,712.02 during the probationary period[.]" The restitution is to reimburse the Indian Health Service for its payment of the ambulance and hospital bills incurred by the victims of Galligo's assault. Galligo appeals.

ISSUE

[¶ 3] DID THE TRIAL COURT ERR IN ORDERING GALLIGO TO PAY RESTITUTION TO THE INDIAN HEALTH SERVICE?

[¶ 4] Before July 1, 1995, SDCL 23A–28–2(5), defined a "victim" eligible to receive restitution as, "any person ... who has suffered pecuniary damages as a result of the defendant's criminal activities." SDCL 23A–28–2(5)(Supp 1994). Under that definition, this Court held that a health insurer that paid for injuries to a victim because of a crime was not itself a "victim" entitled to receive restitution. *State v. Fryer*, 496 N.W.2d 54 (S.D.1993). In an apparent response to *Fryer*, the legislature amended SDCL 23A–28–2(5) into the following form in 1995:

any person ... who has suffered pecuniary damages as a result of the defendant's criminal activities, *including any person who has by contract or by statute undertaken to indemnify another or to pay or provide a specified or determinable amount or benefit upon determinable contingencies.* Any victim who has suffered pecuniary damages has priority of claim as opposed to any person who has a claim to indemnity or subrogation as a result of the same defendant's criminal activity. (emphasis added).

[¶ 5] Galligo committed his simple assault in March 1995 when, under *Fryer*, it is clear the Indian Health Service was not a "victim" entitled to receive restitution. The 1995

amendment making the Health Service eligible to receive restitution took effect on July 1, 1995. *See* SDCL 2–14–16 (legislative act that does not prescribe its effective date takes effect on first day of July after its passage). Galligo was sentenced on October 17, 1995. At that time, the trial court applied the 1995 amended version of SDCL 23A–28–2(5) on the basis that the amendment was a procedural amendment subject to retroactive application. Galligo now appeals the award of restitution to the Indian Health Service contending that the trial court erred in giving the 1995 amendment retroactive effect. We agree.

[¶ 6] The rules for determining whether a statute should be accorded retroactive effect are well-settled:

> The general rule is that newly enacted statutes will not be given a retroactive effect unless such an intention is plainly expressed by the legislature. SDCL 2–14–21; *Schmaltz v. Nissen,* 431 N.W.2d 657 (S.D.1988); *Sheehan v. United Pacific Ins. Co.,* 439 N.W.2d 117 (S.D.1989). However, statutes which affect only procedural matters, as opposed to substantive rights, are given retroactive effect. *Lyons v. Lederle Laboratories,* 440 N.W.2d 769, 770 (S.D.1989)(citing *Brookings County v. Sayre,* 53 S.D. 350, 220 N.W. 918 (1928) and *Simpson v. Tobin,* 367 N.W.2d 757 (S.D.1985). Where a new statute deals only with procedure, it applies to all actions, including those which have already accrued or are pending, as well as those which arise after enactment of the statute. 2 N Singer, Sutherland Statutes and Statutory Construction §§ 41.04, 41.09 (Sands 4th ed. 1986).

*Dahl v. Sittner,* 474 N.W.2d 897, 901 (S.D. 1991). Based upon these rules, if the 1995 amendment to the restitution statutes was merely procedural, as found by the trial court, the trial court appropriately gave the amendment retroactive effect. However, if the amendment was substantive, the trial court erred in retroactively applying it so as to require Galligo to pay restitution to the Indian Health Service.

[¶ 7] In *U.S. v. DeSalvo,* 41 F.3d 505 (9th Cir.1994), the defendant was convicted of several counts of conspiracy to defraud the United States and mail fraud. As a part of her sentence, she was ordered to pay substantial restitution under the federal Victim and Witness Protection Act (VWPA). Similar to this case, an amendment to the VWPA redefining the victims eligible to receive restitution in conspiracy cases took effect between the time of the defendant's commission of her crimes and the time of her sentencing. The amendment had the effect of permitting the award of a substantial part of the restitution the defendant was required to pay. On appeal, the defendant contended the retroactive application of the amended restitution provision violated the *ex post facto* clause of the United States Constitution. In order to resolve that argument, the circuit court was required to determine whether the amendment effected a substantive change in the law of restitution. Holding that it did, the circuit court observed:

> Most cases examining the impact of the 1990 VWPA amendment have found that it effected a substantive expansion of the previous law of restitution, in that it partially overruled the Supreme Court's restrictive interpretation of the VWPA in [*Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) ]. We have previously acknowledged in dicta the substantive impact of the 1990 VWPA amendment.

> Thus, the consensus of courts addressing the issue is that the 1990 VWPA amendment *did* have a substantive impact on the amount of restitution a court could order when a defendant is convicted of an offense involving a scheme, conspiracy, or pattern. Despite some statements to the contrary, we will accept the majority view that the 1990 VWPA amendment did have a substantive impact on the law of restitution.

> Finding that the conduct [defendant] was charged with did not continue past the effective date of the 1990 amendment to the VWPA, and that the amendment did have a substantive impact on the law of restitution, we must reverse the restitution order imposed as part of [defendant's] sentence in that it violates the *ex post facto* clause of the United States Constitution.

Thus, [defendant's] restitution sentence in the amount of $970,166.75 shall be overturned and the case be remanded to the District Court for resentencing pursuant to the pre-amendment version of the VWPA. *DeSalvo*, 41 F.3d at 515 (citations and footnote omitted)(emphasis original).

[¶ 8] More recently, the First Circuit Court of Appeals came to a like conclusion in *U.S. v. Gilberg*, 75 F.3d 15 (1stCir.1996). In *Gilberg*, the First Circuit held that retroactive application of the VWPA amendment broadening the class of "victims" eligible for restitution in conspiracy cases would violate the *ex post facto* clause, "since it would 'make[ ] more burdensome the *punishment for [Gilberg's] crime[s], after [their] commission* ...'" *Gilberg*, 75 F.3d at 21 (emphasis original)(quoting *Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344 (1977).

[¶ 9] Inasmuch as the 1995 amendment of SDCL 23A–28–2(5) similarly makes more burdensome the punishment for Galligo's crimes after their commission, we find the amendment to be substantive rather than procedural. Therefore, we hold that the trial court erred in applying the amendment retroactively so as to permit the Indian Health Service to receive restitution from Galligo. Moreover, under the above authorities, we hold that application of the 1995 amendment in Galligo's case violated the *ex post facto* clause of the United States Constitution.[1]

[¶ 10] The restitution order is reversed and the matter is remanded for a recalculation of restitution (if any) in accord with the pre–1995 version of SDCL 23A–28–2(5).

[¶ 11] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.

---

1. This decision in no way affects the Indian Health Service's right to pursue other appropriate legal actions to recover from Galligo. *See* *e.g.,* 42 USCA § 2651 (West 1994)(third party liability for hospital and medical care furnished by the United States).