1997 SD 104

**Richard Troy ANDRESON, Claimant and Appellant,**

v.

**BRINK ELECTRIC CONSTRUCTION COMPANY, Employer and Appellee,**

and

**Transportation Insurance Company, and CNA Transcontinental Technical Services, Inc., Insurers and Appellees.**

No. 19741.

Supreme Court of South Dakota.

Considered on Briefs March 24, 1997.

Decided Aug. 13, 1997.

Rick Johnson of Johnson, Eklund, Nicholson Peterson & Fox, Gregory, for appellant.

Rick Orr of Davenport, Evans, Hurwitz and Smith, Sioux Falls, for appellees.

KONENKAMP, Justice.

[¶ 1.] Troy Andreson, a lineman for Brink Electric, was injured on the job when a Black Hills Power & Light Company (BHPL) truck hit him. He received workers' compensation benefits, but also won a $35,000 judgment in his tort action against BHPL. Rather than accepting the judgment amount, can he choose to seek continued workers' compensation? The Department of Labor held in the negative, and we affirm, finding Andreson effectively "collected" under SDCL 62–4–38 in obtaining a judgment against the tortfeasor, barring further workers' compensation recovery.

### Facts

[¶ 2.] On March 11, 1993, Andreson was injured on duty when a BHPL employee, driving a company vehicle, crushed his legs between the bumpers of two trucks. On petition to the Department of Labor, he received approximately $36,000 in workers' compensation benefits, which included his medical expenses, $7,000 in temporary total disability benefits, and about $13,000 for permanent partial disability. His tort action against BHPL sought recompense for pain and suffering, $14,582.31 in medical bills, and economic losses his expert testified exceeded $500,000. We affirmed the jury's $35,000 award on appeal. *Andreson v. Black Hills*

*Power & Light Co.,* 1997 SD 12, 559 N.W.2d 886 (*Andreson I* ).

[¶ 3.] Dissatisfied with the verdict, Andreson continued with his administrative proceeding against Brink, started in March of 1995, seeking workers' compensation benefits for retraining and additional permanent partial disability. Brink's summary judgment motion rested on the following statute:

> Whenever an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both.

SDCL 62–4–38 (1993). The ALJ determined Andreson was barred from seeking further workers' compensation benefits. Additionally, as the injury occurred in 1993, the old SDCL 62–4–38, quoted above, was found to apply, not the amended 1994 version. On review, the circuit court affirmed, holding the statute in effect at the time of his injury prevented Andreson's further pursuit of workers' compensation benefits. Andreson appeals, questioning whether such a result is mandated under SDCL 62–4–38.

### Standard of Review

[¶ 4.] We review administrative appeals under SDCL 1–26–36:

> The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or

remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion....

*See Iversen v. Wall Bd. of Educ.,* 522 N.W.2d 188, 191 (S.D.1994). Further, SDCL 1–26–37 provides that questions of law presented to an administrative agency are reviewed under a de novo standard. *Tischler v. United Parcel Service,* 1996 SD 98, ¶ 23, 552 N.W.2d 597, 602 (quoting *Caldwell v. John Morrell & Co.,* 489 N.W.2d 353, 357 (S.D.1992)); *In re Beaver Lake,* 466 N.W.2d 163, 166 (S.D. 1991). Statutory construction and issues of retroactive application are questions of law. *US West Comm. v. Public Utilities Comm'n.,* 505 N.W.2d 115, 122 (S.D.1993); *Hieb v. Opp,* 458 N.W.2d 797, 800 (S.D.1990); *Appeal of Schramm,* 414 N.W.2d 31, 33 (S.D.1987).

### Analysis and Decision

[¶ 5.] Double recoveries are barred under SDCL 62–4–38, but Andreson insists "collect," as used in this statute, means to "actually receive money from" both a tortfeasor and a workers' compensation employer.[1]

---

1. SDCL 62–4–38 was amended in 1994, and Andreson alleges the new version applies:

> If an injury for which compensation is payable under this title has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at the employee's option, either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person. However, in the event the injured employee recovers any like damages from such other person, the recovered damages shall be an

offset against any workers' compensation which the employee would otherwise have been entitled to receive.

SDCL 62–4–38 (1996 Supp). Nothing in the statute suggests the Legislature intended to make this version retroactive. *Schultz v. Jibben,* 513 N.W.2d 923, 925 (S.D.1994); *see Westergren v. Baptist Hosp. of Winner,* 1996 SD 69, ¶ 18, 549 N.W.2d 390, 395 (statute in effect on date of claimant's injury controls workers' compensation claim). Neither do we find persuasive Andreson's argument that the new version only affects remedies or procedures, therefore necessitating retroactive effect. The construction Andreson would have us put on the new version would

Even though he has an enforceable legal judgment against BHPL, Andreson believes he has not yet "collected," and offers the following: "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Black's Law Dictionary* 263 (6th ed 1990). This definition supports Brink's argument, however, and our determination that a judgment from a legal proceeding is indeed liquidation of a claim, therefore falling within the definition of "collect." *See id.* at 931 ("Liquidation" is "[t]he act or process of settling or making clear, fixed, and determinate that which before was uncertain or unascertained."); *see also In re Hastie,* 2 F.3d 1042, 1045 (10th Cir.1993)("collect" is payment or liquidation of a debt); *Durland v. Durland,* 62 Neb. 813, 87 N.W. 1048, 1049 (1901)("collect" means recovery).

[¶ 6.] While a claimant may "proceed against both the employer and such other [third party tortfeasor]," this phrase must be read with "but he shall not collect from both." SDCL 62–4–38 (emphasis added). *Ellis v. City of Yankton,* 526 N.W.2d 124, 126 (S.D.1995)(we construe related words in a statute together and derive its intent from reading it as a whole); *Kelley v. Duling Enters., Inc.,* 84 S.D. 427, 433, 172 N.W.2d 727, 730 (1969)("In construing a particular word or term in a statute reference will be had to the meaning of the words with which it is associated."). *See infra* note 2. Andreson acknowledges BHPL's readiness to pay, but notes in his brief that although BHPL "has expressed a willingness and ability to pay the judgment, one must interpret the

statute from a hypothetical claimant's perspective. Thus, one can easily imagine a situation wherein a third party tortfeasor declares bankruptcy...." We will leave that quandary for the day it becomes an actuality. Nothing in the record discloses BHPL's inability or disinclination to pay the judgment which was affirmed in *Andreson I. Keegan v. First Bank,* 470 N.W.2d 621, 624 (S.D.1991); *Gottschalk v. Hegg,* 89 S.D. 89, 95, 228 N.W.2d 640, 643–44 (1975)("[J]udicial machinery should be conserved for problems which are real and present or imminent, not squandered on problems which are abstract or hypothetical or remote.") (citation omitted).

[¶ 7.] We have suggested in the past that SDCL 62–4–38 is indicative of "South Dakota's public policy of avoiding duplicate recovery for the same injury." *National Farmers Union Property & Cas. Co. v. Bang,* 516 N.W.2d 313, 321 (S.D.1994); *St. Paul Fire & Marine Ins. v. Farner,* 648 F.2d 489, 491 (8th Cir.1981)(noting South Dakota's policy of avoiding duplicate recovery in a workers' compensation action). By amending SDCL 62–4–38 in 1994, our Legislature may have sought to soften the rigid aftereffect workers suffer when obtaining inadequate recoveries against tortfeasors. *See* 6 Larson, *Larson's Workmen's Compensation* § 73.00, at 14–354 (1997)(movement toward abolishing these types of rules). Yet we cannot bypass the former statute applicable to Andreson's claim which precludes further workers' compensation benefits after taking judgment against a third party.[2] *See generally Benson v. Sioux*

---

expose Brink to further workers' compensation liability. This would affect its substantive rights, which bars a subsequent statutory amendment from having a retroactive effect. *State v. Galligo,* 1996 SD 83, ¶ 6, 551 N.W.2d 303, 304.

Also without merit is Andreson's argument that the new version of SDCL 62–4–38 merely cures an ambiguity in the pre–1994 rendition. While we agree broad construction of workers' compensation statutes is generally appropriate, we hold fast to the standards on legislative intent. Did the amendment cure some ailment in the former version, or was it intended to be applied retroactively? In this instance, "[n]owhere in the legislative enactment is there any statement that this act is retroactive or that it is intended to be curative or explanatory of prior legislation." *Schmaltz v. Nissen,* 431 N.W.2d 657, 663 (S.D.

1988); *see also Karlen v. Janklow,* 339 N.W.2d 322, 323 (S.D.1983)("Although there are no principles of construction which prevent using subsequent enactments or amendments as an aid in arriving at the direct meaning of a statute, the legislative adoption of a subsequent amendment is not binding on the court. It is not a controlling retroactive interpretation.").

**2.** Andreson argues this result is out of harmony with the statutory scheme, i.e., reading SDCL 62–4–38, –39, and –40 together. *In re Appeal of AT & T Info. Sys.,* 405 N.W.2d 24, 27 (S.D.1987). Read together, however, these three statutes allow an employee to proceed against both an employer and a tortfeasor, but to collect from only one. If an employee collects from a third party, the employer can recover from the employee amounts it has previously paid in compen-

*Falls Med. & Surgical Clinic*, 62 S.D. 324, 252 N.W. 864 (1934); *Stratton v. Sioux Falls Traction Sys.*, 49 S.D. 113, 206 N.W. 466 (1925). He effectively "collected" when he obtained an enforceable judgment against BHPL for civil damages. If the jury verdict was not enough in his view, we nonetheless cannot reinterpret the statute to allow a prohibited double recovery. As we noted in *Andreson I*, the jury evaluated not only Andreson's half-million dollar claim for damages, but also his credibility, and determined $35,000 was appropriate. 1997 SD 12, 559 N.W.2d 886. This decision was supported by the evidence, *Id.* at ¶ 14, 559 N.W.2d at 889–90, and, because a general verdict form was used, we will never know if the jury meant for its verdict to cover only part of his loss.[3] Though he is dissatisfied with the jury's damage award, he may not collect from both his employer and the tortfeasor.

[¶ 8.] We affirm the Department's decision in all respects.

[¶ 9.] MILLER, C.J., and AMUNDSON and GILBERTSON, JJ., concur.

[¶ 10.] SABERS, J., dissents.

SABERS, Justice (dissenting).

[¶ 11.] The majority opinion is inconsistent with precedent, workers' compensation treatises, and settled principles of statutory construction.

Each statute must be construed according to its manifest intent as derived from the statute as a whole, as well as other enactments relating to the same subject. Words used by the legislature are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure. When conflicting statutes appear, it is the responsibility of the court to give reasonable construction to both, and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable. However, terms of a statute relating to a particular subject will prevail over general terms of another statute. Finally, we must assume that the legislature, in enacting a provision, had in mind previously enacted statutes relating to the same subject.

*Weger v. Pennington County*, 534 N.W.2d 854, 856 (S.D.1995) (citations omitted).

[¶ 12.] By equating "collect" with "judgment" and "liquidation of a claim", the Department of Labor, the circuit court, and the majority all reach the type of conclusion we strive to avoid. *See, e.g., In re Gossman*, 1996 SD 124, ¶ 6, 555 N.W.2d 102, 104 ("When a statute does not define a term, it should be construed according to its accepted usage, and a strained, unpractical or absurd result should be avoided.") (citing *Nelson v.*

---

sation to the employee. Alternatively, SDCL 62–4–40 permits an employer to recover directly from a tortfeasor, should the employee elect to pursue only workers' compensation. Andreson's strategy, on the other hand, is inharmonious with these statutes, as the judgment against BHPL effectively forecloses Brink from ever collecting more than $35,000 from the tortfeasor, although Andreson seeks workers' compensation benefits in excess of that amount.

3. *But see* cases construing SDCL 62–4–38 and its predecessors that do not address the situation presented here: a claimant who receives workers' compensation benefits, sues a third party tortfeasor, becomes dissatisfied when awarded less than he believes he deserves, and returns to workers' compensation for a remedy. In *Benson v. Sioux Falls Med. & Surgical Clinic*, 62 S.D. 324, 252 N.W. 864 (1934), an employee alleged medical negligence in determining injury, causing further harm compensable by workers' compensation, but he had previously executed a set-

tlement and release with his employer for such benefits. After acknowledging the employee can sue a third party tortfeasor, subject to an employer's subrogation rights, the court reversed a directed verdict for the medical provider, holding it was not an agent of the employer and therefore not protected from suit by the releases. 62 S.D. at 334–35, 252 N.W. at 869. Similarly, the facts and procedure in *National Farmers Union v. Bang*, 516 N.W.2d 313 (S.D.1994), are meaningfully different. That case held:

an employee may recover [underinsured motorist coverage (UIM)] from his employer if his injury was caused by a third-party tortfeasor, ... that UIM policy provisions purporting to set off worker's compensation are invalid and that an entity that is self-insured for worker's compensation has a statutory lien against any self-insured UIM benefits for compensation paid.

516 N.W.2d at 321. This case, like *Benson*, does not implicate the definition of "collect," barring the type of redundancy Andreson attempts here.

*South Dakota State Bd. of Dentistry*, 464 N.W.2d 621, 624 (S.D.1991)).

[¶ 13.] SDCL 62–4–38, prior to amendment, read as follows:

Whenever an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages *or proceed against both the employer and such other person,* but he shall not collect from both.

(Emphasis added). The majority's construction of this one word, "collect," renders the italicized section of the statute meaningless.

[¶ 14.] The majority opinion claims that a claimant such as Andreson is precluded from "further workers' compensation benefits after taking judgment against a third party." *See supra* ¶ 7.[4] This conclusion is inconsistent with the statutes. How could a claimant ever "proceed against both" as permitted under the statutes according to the majority opinion? He could not, and that is why the majority decision is wrong.

[¶ 15.] The majority is essentially treating SDCL 62–4–38 as an "election of remedies"[5] statute. The fact that the employer is subrogated to the claimant's rights in the judgment against the third party tortfeasor precludes a claim of election of remedies. *See*

Benson v. Sioux Falls Med. & Surgical Clinic, 62 S.D. 324, 252 N.W. 864 (1934) (construing the forerunner to SDCL 62–4–38).[6] The *Benson* court reversed a directed verdict for the defendant tortfeasor, holding that the circuit court incorrectly concluded that when the claimant settled with and released his employer from further liability, any cause of action against the tortfeasor was also thereafter barred:

We are not concerned with an election of remedies as that term is ordinarily used; *no election between proceedings is required.* Under the express terms of the statute an injured employee may proceed *both* against the employer under the compensation act and the third person in an action at law.

*Id.* at 334, 252 N.W. at 869 (emphasis added); *accord Stratton v. Sioux Falls Traction Sys.,* 49 S.D. 113, 119, 206 N.W. 466, 468 (1925) (noting that the employer's right to reimbursement "precludes an election of remedies").

[¶ 16.] In fact, in *National Farmers Union Property & Casualty Co. v. Bang*, 516 N.W.2d 313, 321 (S.D.1994), we stated that SDCL 62–4–39 creates, for the employer's benefit, a statutory workers' compensation lien on the judgment as a setoff of workers' compensation benefits paid to the employee. *See also Schipke v. Grad*, 1997 SD 38, ¶ 14, 562 N.W.2d 109, 113 ("The employee may claim workers' compensation from the em-

---

4. The majority also implies that Andreson reopened his compensation claim because he was "dissatisfied with the verdict" against Brink. (*Supra* ¶ 3). This is clearly not the case, as Andreson filed his petition with the Department of Labor *five months* before trial.

5. "An 'election of remedies' arises when one having two coexistent but inconsistent remedies chooses to exercise one, in which event he loses the right to thereafter exercise the other." *Black's Law Dictionary* 518 (6th ed.1990). "Election of remedies is not simply a rule of procedure; rather, it is based upon substantive law, *birthed in the existence of contracts and the rights derived from those contracts.*" *Ripple v. Wold*, 1996 SD 68, ¶ 4, 549 N.W.2d 673, 674 (citation omitted). This is not a contract case. It is a workers' compensation case. The proper resolution of this case rests upon the plain language of the statute. "Workers' compensation laws are purely statutory and the rights of the

parties and the manner of procedure under the law must be determined by its provisions." *Schipke v. Grad*, 1997 SD 38, ¶ 10, 562 N.W.2d 109, 112 (citing *Nilson v. Clay County*, 534 N.W.2d 598, 601 (S.D.1995) (quoting *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353, 364 (S.D. 1992)).

6. South Dakota has *never* had a workers' compensation election statute. The legislative history of SDCL 62–4–38 reveals that it has survived virtually unchanged since its adoption in 1917. *See* SL 1917, ch. 376, § 11; RC 1919, § 9446; SL 1921, ch. 416; SDC 1939, § 64.0301; SL 1964, ch. 224. 6 *Larson's Workmen's Compensation Law* lists the few (7) states which still retain election statutes (South Dakota is not included), but notes that even in those states "an election does not result in complete forfeiture of either compensation benefits or third-party damages." § 73.10, at 14–355 n2.

ployer or pursue a legal action against the third party, but may not collect from both. *If the employee has collected from both, the employer is reimbursed for the amount of the workers' compensation paid less the reasonable expense of collecting same.* SDCL 62–4–39.") (emphasis added); [7] *cf. Wilson v. Hasvold,* 86 S.D. 286, 194 N.W.2d 251 (1972) (after claimant received the maximum allowable workers' compensation benefits, he was allowed to continue a separate common-law action for damages from tortfeasor). This issue was also settled by *Bang,* 516 N.W.2d at 321:

> *Defendant Bang's argument that allowing a lien will result in procedural complications requiring a plaintiff to choose between proceeding against either a tortfeasor or his workers' compensation carrier has no merit. A plaintiff is not required to determine the extent of workers' compensation before proceeding with a tort claim.*

(Emphasis added) (citing *Helmbolt v. Le-Mars Mut. Ins. Co.,* 404 N.W.2d 55, 59 (S.D. 1987)).

[¶ 17.] Reimbursement to the employer is, and always was, an inherent provision of the statutory framework for compensating the employee injured by a third party. *See* SDCL 62–4–39:

> If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee such an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same.

*See also* 6 *Larson's Workmen's Compensation Law* § 71.20, at 14–5 to 14–13:

> The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reim-

burse him for his compensation outlay, and to give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.

. . .

> As for the employee, he gets no windfall; what he gets is nothing more than actual restoration to himself of what he has lost because of the third person's wrongful act. . . . The right of the claimant to *keep* a double recovery must not be confused with the right to *collect* the double recovery subject to the obligation to pay over to the employer or carrier the amount of the latter's compensation outlay.

(Emphasis in original).

[¶ 18.] A plain reading of SDCL 62–4–39 shows that Brink, as employer, could recover funds paid by BHPL to Andreson if Andreson pursued his compensation remedy before pursuing BHPL.[8] However, under the majority opinion's note 2, Andreson can not seek recovery from BHPL if he already elected his remedy by seeking workers' compensation benefits from Brink. This is nonsensical. There is no reason a claimant cannot pursue the tort claim prior to seeking further workers' compensation benefits, as Andreson did in this case. This court clearly stated in *Bang* that a *"plaintiff is not required to determine the extent of workers' compensation before proceeding with a tort claim."* 516 N.W.2d at 321 (emphasis added). If a claimant is forced to wait to sue the third party until he has pursued all potential workers' compensation benefits, the statute of lim-

---

7. *Schipke* cites the current version of SDCL 62–4–39, which was amended after Andreson's injury. However, that amendment is not material to *whether* an employer is subrogated to the verdict, but only concerns the amount of the verdict which may be subtracted for attorney fees.

8. Obviously, Brink is subrogated to Andreson's rights in the $35,000 judgment against BHPL as a setoff against the compensation paid to him. In fact, since Brink paid $36,000 in benefits to Andreson, Brink is subrogated to the entire amount, less "the necessary and reasonable expense of collecting the same." SDCL 62–4–39.

itation on that suit will inevitably expire in the meantime.[9] Furthermore, the majority opinion overlooks SDCL 62–7–33, which provides for reopening and modification in the event of a change in the claimant's condition.[10] If, as the majority claims, judgment against the tortfeasor cuts off any further workers' compensation benefits, that statute becomes meaningless. "[T]here is a presumption against a construction which would render a statute ineffective or meaningless." *In re Real Estate Tax Exemp. for Black Hills Legal Serv., Inc.*, 1997 SD 64, ¶ 12, 563 N.W.2d 429, 432 (citations omitted).

[¶ 19.] The fear of double recovery is unfounded in light of the reimbursement provisions of SDCL 62–4–39 & –40.[11] "It is elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery." 6 *Larson's*, § 71.20, at 14–5; *see also id.* § 73.10, at 14–354:

> An injured employee who believes that his injury arose out of and in the course of his employment, and who also believes that it was caused by the tort of a third party, is confronted with the possibility of claiming compensation and of suing the third party at common law. *The statutes of many jurisdictions allow him to proceed with both, always, of course, subject to the condition that he cannot retain both recoveries.*

(Emphasis added); *see also St. Paul Fire & Marine Ins. Co., v. Farner*, 648 F.2d 489 (8th Cir.1981) (construing SDCL 62–4–39 & –40 and allowing workers' compensation insurer to recoup the benefits it paid to its employee's widow, who recovered $125,000 in a wrongful death action against the third party tortfeasor).

[¶ 20.] The majority's decision to dismiss this lawsuit and deny these benefits to Andreson based on fear of double recovery finds no support in the statutes. It is inconsistent with precedent, workers' compensation treatises, and settled principles of statutory construction.[12] We should reverse and remand for hearing.

---

**9.** *See* Wade R. Habeeb, Annotation, *Effect of Injured Employee's Proceeding for Workmen's Compensation Benefits on Running of Statute of Limitations Governing Action for Personal Injury Arising From Same Incident*, 71 ALR3d 849 (1976) (collecting cases and noting the statute is not tolled by the workers' compensation proceedings); *accord* L.S. Tellier, Annotation, *Statute of Limitations Applicable to Action, By Way of Subrogation or the Like, By Employer or Insurance Carrier Against Third Person for Injury to Employee*, 41 ALR2d 1044 (1955) (applicable statute of limitation is one governing personal injury or wrongful death).

**10.** SDCL 62–7–33 provides, in relevant part: "[P]ayments may be ended, diminished, increased or awarded ... if the department finds that a change in the condition of the employee warrants such action."

**11.** SDCL 62–4–40 provides:

> If compensation is awarded under this title, the employer having paid the compensation, or having become liable therefor may collect in his own name or that of the injured employee, or his personal representative, if deceased, from any other person against whom legal liability for damage exists, the amount of such liability and shall hold for the benefit of the injured employee or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employee or his representative, less the proportionate necessary and reasonable expense of collecting the same, which expenses may include an attorney's fee not in excess of thirty-five per cent of damages so collected, and shall be subject finally to the approval of the department.

**12.** The defect of this decision is demonstrated by the result: The third party tortfeasor pays $35,000. Brink, as employer, is subrogated to the entire amount ($36,000) less recovery costs. Andreson, the injured party, receives *nothing* for rehabilitation or additional permanent partial disability.

Clearly, a claimant is entitled to proceed against his employer for permanent partial disability benefits not yet collected from the employer. Furthermore, one can always proceed against an employer for rehabilitation and retraining benefits, as they are not part of the cause of action against a third party tortfeasor. Finally, when a claimant sustains a second injury, as is the case here, which results in a need for *additional* permanent partial disability and retraining benefits, the claimant is entitled to reopen his claim according to SDCL 62–7–33.