BENSON, Appellant, v. SIOUX FALLS ·MEDICAL & SURGICAL CLINIC, et al, Respondents.

(252 N. W. 864.)

(File No. 7439. Opinion filed February 23, 1934.)

*L. E. Waggoner* and *B. O. Stordahl,* both of Sioux Falls, for Appellant.

*Bailey & Voorhees,* of Sioux Falls, for Respondents.

ROBERTS, P. J. This is an action to recover for the alleged malpractice of the defendants. The plaintiff on May 13, 1929, while in the employ of the Northwestern Bell Telephone Company, met with an accident and was taken by the employer to the defendant Sioux Falls Medical and Surgical Clinic for treatment. The complaint alleges that plaintiff received an injury to his back; that defendant Guy E. Van Demark, a member of the defendant clinic, negligently examined the plaintiff and failed to discover the nature of the injury; that defendant physician advised the plaintiff to continue in his employment and perform usual and ordinary work; that for a period of more than five weeks plaintiff, following the advice of the physician, continued, so far as he was physically able, to work; that the injury could have been readily cured in the first instance; and that by reason of such negligence the plaintiff is permanently injured.

On May 1, 1931, after the medical services had been rendered, plaintiff released his employer by two separate agreements. In the first agreement, the plaintiff acknowledged payment of $1,279.67 from the Northwestern Bell Telephone Company, paid to him pursuant to an order entered by the Industrial Commissioner on the 24th day of April, 1931, and released the employer "from any liability whatsoever" to him under the Workmen's Compensation Act of this state (Rev. Code 1919, § 9436 et seq., as amended). In the second agreement plaintiff acknowledged payment from the employer of the further sum of $3,721.31, and in consideration of such payment plaintiff signed and delivered a release as follows: "I hereby release and forever discharge said Northwestern Bell Telephone Company, its agents and servants, from any and all actions, causes of action, claims and demands, whether arising under said Company's Plan for Employees' Pensions, Disability Benefits or Death Benefits, or at common law, for, upon or by reason of any damage, loss or injury which heretofore has been, or which hereafter may be sustained by me in consequence of an accident arising out of and in the course of my employment with said Northwestern Bell Telephone Company on or about the 13th day of May, 1929. I further declare, that I have considered the possibility that in consequence of said accident I may hereafter suffer damage or injury which is not now anticipated or ascertainable, and that I intend hereby to release all claims on account of any such

damage or injury. I likewise declare that in giving this release I have not relied upon or been influenced by any representation, statement, or advice of any agent or employee of said Northwestern Bell Telephone Company, or of anyone acting in its or their behalf." In addition to a general denial, the defendants by answer pleaded a settlement for all injuries. The court directed a verdict for the defendants upon the ground that the cause of action against the defendants, if one existed, was barred by the releases.

Plaintiff contends that the present action is a separate and distince cause of action for the recovery of damages for the aggravation of the original injury caused by the negligence of defendant physician; that he could not have maintained such action against his employer, the Northwestern Bell Telephone Company; that the duty of the employer was to select a competent physician; and the employer, having performed this duty, was not liable for the injury resulting from the negligence or malpractice of the defendant physician.

■■  The releases in the instant case are broad and inclusive, and clearly were intended to include any and all claims against the employer arising from the accident. Did this include the aggravation of the original injury by the alleged negligence of the defendant physician, and, if the employer was liable for such alleged injury, is the plaintiff precluded from maintaining this action?

It is conceded that the original injury was compensable. Under section 9459, Rev. Code 1919, as amended by chapter 222, Laws of 1927, an employer is required to furnish "necessary first aid, medical, surgical and hospital services or other suitable and proper care" to an employee who has suffered a compensable disability, and it is compulsory upon an injured employee under section 9463, Rev. Code 1919, to submit himself for examination to a physician selected by the employer. Under the great weight of authority construing similar statutory provisions, the rule appears to be that an employee may recover for a new injury or aggravation of his injury, resulting directly and without intervening cause from medical or surgical treatment of a compensable injury. Polucha v. Landes, 60 N. D. 159, 233 N. W. 264, 268; Williams v. Dale, 139 Or. 105, 8 P. (2d) 578, 82 A. L. R. 922; Overbeek v. Nex, 261 Mich. 156, 246 N. W. 196; Vatalaro v. Thomas, 262 Mass. 383, 160 N. E. 269; Revell v. McCaughan, 162 Tenn. 532, 39 S. W.

(2d) 269; Nall v. Ala Utilities Co., 224 Ala. 33, 138 So. 411; and also see cases collected in note, 39 A. L. R. 1276.

A leading case is Booth & Flinn v. Cook, 79 Okl. 280, 193 P. 36, 38, in which the court said:

"'We are aware that, in negligence cases not arising under compensation acts, many courts hold that the master's liability ceases when he exercises reasonable care in selecting competent physicians or surgeons. But workmen's compensation acts are a departure from cases of liability resulting from negligence and fix specific amounts of recovery for specific results of accidents. To deny recovery for the ultimate result of the accident where the disability has been increased by the intervening negligence or carelessness of the employer's selected physician would be to defeat one of the purposes of the act. Under workmen's compensation acts an employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of a physician furnished the injured employee as required by section 4 of our Compensation Act."

A similar conclusion is stated in the case of Polucha v. Landes, supra:

"We are of the opinion that a workman injured in the course of his employment, and thereafter sustaining an aggravation of his injuries due either to the act of the physician employed by the bureau or to a physician reasonably employed by him, is entitled to compensation from the fund for the injuries sustained as so aggravated. Any other construction of the act, instead of providing the employee that sure and certain relief which the law has designed for his protection, would render him subject to the uncertainties of litigation for so much of his injuries as might be traceable to the negligence of his physician or surgeon and to the further contingency of the latter's financial responsibility."

Plaintiff cites the case of Vita v. Fleming, 132 Minn. 128, 155 N. W. 1077, L. R. A. 1916D, 644, Ann. Cas. 1917E, 678. The court held in this case that an employer was not liable for negligent medical treatment of a compensable injury, and that, after payment of compensation, the injured employee can maintain an action against the physician for malpractice.

We may assume, as we are not required to decide, that the employer was liable under the Workmen's Compensation Act for

the aggravation of the injury by the alleged negligence of the defendant physician. Defendants contend that since there cannot be more than one satisfaction for an injury, whether the injury by the wrongdoers was simultaneously inflicted or whether there was an aggravation subsequently as is alleged in this case, satisfaction by one of the wrongdoers is a bar to an action against the other. But the claim of the plaintiff for workmen's compensation was not based upon negligence or any wrongful act on the part of the employer. Liability under the provisions of the Workmen's Compensation Act is founded not on negligence, but on relationship. The compensation received by the plaintiff was not in the nature of damages for a tort, but was based upon the employment of the plaintiff. White v. Matthews, 221 App. Div. 551, 224 N. Y. S. 559. The employer and defendant physician were not joint tortfeasors.

Section 9440, Rev. Code 1919, provides that the rights and remedies granted to an employee subject to the provisions of the Workmen's Compensation Act on account of injury or death arising out of and in the course of employment shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin on account of an injury or death. Section 9446, Rev. Code of 1919, as amended by chapter 416, Laws of 1921, reads as follows (italics ours) :

"Whenever an injury for which compensation is payable under this article shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person; but he shall not collect from both, *and if compensation is awarded under this article, the employer having paid the compensation or having become liable therefor may collect in his own name, or that of the injured employee, or his personal representative, if deceased, from the other person against whom legal liability for damage exists the amount of such liability and shall hold for the benefit of the injured employee or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employee or his representative, plus the necessary and reasonable expense of collecting the same.*"

It is not the purpose of this statute to relieve a negligent party from liability for his negligent acts. The statute does not attempt to determine the rights or liabilities of the employee in respect to a person not his employer. It does not abridge or limit the remedy which an employee may have at law against a third person not his employer for a tort which a third person commits against him. An employee injured through the negligence of a third person may at his option under the express terms of this section claim compensation under the Workmen's Compensation Act or proceed at law against such third party to recover damages or proceed both against the employer under the Workmen's Compensation Act and the third person in an action at law. This section was construed in Stratton v. Sioux Falls Traction System, 49 S. D. 113, 206 N. W. 466, an action brought under the wrongful death statute. Evidence of the obtaining by the dependents of the deceased employee of a judgment under the Workmen's Compensation Act was admitted, and upon appeal it was held that such admission was error. As to the contention that under section 9446, as amended, the obtaining of the judgment for compensation precluded an action by the administrator against a third person whose negligence caused the death of the employee, the view is expressed that the Workmen's Compensation Act is intended to fix rights and liabilities of employer and employee leaving unaffected liabilities created under the wrongful death statute where defendant is a person other than the employer.

The Supreme Court of Illinois in a well considered decision, O'Brien v. Chicago City R. Co., 305 Ill. 244, 137 N. E. 214, 217, 27 A. L. R. 479, held:

"The Workmen's Compensation Act effects a complete change in the rights and liabilities of an employer and his employee in regard to accidental injuries to the employee. The common-law action for negligence can no longer be maintained, but the statutory remedy alone is available. The act makes no reference and has no application to the rights and liabilities of third parties, except as those rights and liabilities affect the relative rights of the employer and employee as between themselves. Section 29 (corresponding to our section 9446) deals with cases of this character, and only with cases of this character—cases in which the injury or death was caused under circumstances creating a legal liability for dam-

ages on the part of some person other than the employer. The language of the section assumes that the liability of a person other than the employer, which existed at common law, continues after the adoption of the act. * * * Other provisions of the act have imposed on the employer a liability to pay the fixed compensation, regardless of the fact that he is wholly guiltless of negligence or of any fault. The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employee, as between themselves, would require that out of the amount so received the employer, who was guiltless of any wrong, should receive indemnification for the compensation which he had advanced."

In Silvia v. Scotten, 2 W. W. Harr. (32 Del.) 295, 122 A. 513, 514, an action by the widow of a deceased employee against a third party, it was held:

"When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment the Legislature intended to save a class of wrong-doers who are in no wise related to the compensation scheme from the liability which the law had theretofore imposed upon them. The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the act's contemplation, and his liabilities are not intended by the act to be disturbed. The only particular in which the act deals with him appears in section 131, and here there is no attempt to destroy his liability, the sole purpose of the section being to make an alteration in the theretofore existing law in respect to parties plaintiff against him in case compensation has been agreed upon."

And in Lester v. Otis Elevator Co., 169 App. Div. 613, 155 N. Y. S. 524, 527, the court, considering remedies of an employee against a third person, said:

"Nowhere in the statute, therefore, is there any attempt to regulate or alter the rights and remedies of an employee against a third party, unless it be contained in section 29. But in the light of what has been said the purpose of section 29 seems perfectly clear. Where an employee is injured by the act of a third

party in the course of his employment, he is nevertheless entitled to claim compensation under the statute. * * * Section 29 does not, however, prevent an employee from bringing an action for damages against such third party himself; it recognizes his right to do so, if he chooses."

The Supreme Court of Iowa in a late case, Paine v. Wyatt, 251 N. W. 78, construing a provision similar to our section 9440 to the effect that the remedies provided in the compensation act shall be exclusive of all other remedies of an employee, apparently places a different construction upon such provision. The withdrawal is construed to take away the right of an employee to proceed against a third party, except as such right may be granted by the compensation act. A section providing that where an injury is caused under circumstances creating liability against a third person is declared to be an exception to the withdrawal of remedies, and permits an action by employee against a wrongdoer who inflicted the original injury. Reasoning from such premise, the court concludes that the statute does not permit suit by an employee against a physician for aggravation of an injury.

The provisions of section 9446 which appear above in italics, read prior to the amendment of 1921 as follows:

"And if the compensation is awarded under this article, the employer having paid the compensation, or having become liable therefor, may collect in his own name or that of the injured employee, from the other person against whom legal liability for damages exists, the indemnity paid or payable to the injured employee."

Provisions identical with this section as originally enacted are found in the Workmen's Compensation Acts of Indiana, Tennessee, and Michigan, and the exact question of the right of an employee to recover at law from a third party where compensation has been paid has been presented before the courts of those states. After discussing the rule in other jurisdictions and also citing English decisions construing provisions upon which the statute under consideration is modeled, the Indiana court in Pittsburgh, C., C. & St. L. R. Co. v. Parker, 191 Ind. 686, 132 N. E. 372, 375, 134 N. E. 890, 19 A. L. R. 752, concludes: "The meaning of the statute seems too plain to admit of any possible construction other than that, when the injured workman goes so far as to 'collect'

from the employer under the Workmen's Compensation Law, he is forbidden also to recover an additional amount in an action at law against a third person whose negligence caused his injury." See, also, Marion County Construction Co. v. Kimberlin (Ind. App.) 184 N. E. 574; Mitchell v. Usilton, 146 Tenn. 419, 242 S. W. 648; Overbeck v. Nex, supra.

A different construction is placed upon the same statutory provision by the Sureme Court of Kentucky in Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449. The court construed the limitation that "he shall not collect from both" simply to prevent a plaintiff from collecting from a third person to the extent that he had already collected from his employer. In Moeser v. Shunk, 116 Kan. 247, 226 P. 784, 786, construing the provisions of the Kansas statute which provides that an employee may take proceedings against a third person to recover damages and against any person liable to pay compensation, but shall not be entitled to recover both damages and compensation, the court held that the statute provides for an equitable adjustment between the employer and employee, but was not intended to benefit the third party or to relieve him from liability. The court discussing this question said:

"When one not the employer causes injury to a workman, it is really none of his concern whether the person injured has an estate, or has life insurance, or accident insurance, nor what his contract of employment may be with his employer; these things neither increase nor decrease his liability. To hold otherwise would, in a sense, be to license reckless persons negligently to injure an employee working under the Compensation Act without liability, though a similar injury to another person would create a liability."

The provisions of the Louisiana Workmen's Compensation Act construed in Lowe v. Morgan's La. & T. R. & S. S. Co., 150 La. 29, 90 So. 429, 430, provides that employee injured through the negligence of a third party "may, at his option, either claim compensation under this act or obtain damages; * * * and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee; * * * provided, if the employer shall recover from such other person damages in excess of the compensation * * * then any such excess shall be paid to the injured employee." The court held that

this statute gave to the employer a statutory subrogation pro tanto to the rights of an employee injured through the negligence of a third party and an employee claiming compensation from an employer did not forfeit his right of action against the third person.

In the case of Polucha v. Landes, supra, the North Dakota Supreme Court construed a statute containing substantially the same provisions as are now contained in section 9446. The plaintiff in that case received an award, and thereafter brought action for damages against the physician who attended the employee for his injuries, alleging malpractice. The majority opinion sustained the contention of the defendant that under such statute, referring to injuries occurring under circumstances as to create a legal liability to pay damages, the workmen's compensation fund was subrogated to any cause of action existing in favor of the injured employee. The Workmen's Compensation Act in that state creates a state insurance fund. In a prior decision, Tandsetter v. Oscarson, 56 N. D. 393, 217 N. W. 660, 662, the court construing this same statute said: "An examination of the decisions of the different states discloses that * * * in nearly all of the statutes the fund is provided by the employer directly, or by some insurance company in which the employer has insurance. In this state the insurance is provided by the state, from the fund paid to the compensation fund in premiums by the employer, and the members of the Workmen's Compensation Bureau cannot shift the responsibility of bringing an action to reimburse the compensation fund, and for the benefit of the injured workman, if there is a cause of action against a party who does not come under the act." It would therefore appear that where an injured workman is awarded compensation in that state he is not deprived of a remedy against the wrongdoer. The bureau administering the law is required to bring action against a third party who negligently caused the injury for the purpose of reimbursing the compensation fund and for the benefit of the employee or his dependents.

We will not further review the decisions. They are collected and discussed in notes in 19 A. L. R. 766; 27 A. L. R. 493; 37 A. L. R. 838; 67 A. L. R. 249. See, also, 29 Mich. Law Rev. 568. The authorities are not in accord, and the diversity of views cannot be attributed entirely to differences in statutory phraseology.

Referring again to section 9446 as originally enacted, it will be noted that this section contained no provision with respect to the recovery of an amount in excess of the compensation paid where an action was instituted by an employer against the person who negligently caused the injury. Whatever doubt there may have been as to the right of such recovery, it has been removed by the amendment. It is stated in the Stratton Case that the recovery of such excess amount by an employer precludes an election of remedies. We are not concerned with an election of remedies as that term is ordinarily used; no election between proceedings is required. Under the express terms of the statute an injured employee may proceed both against the employer under the compensation act and the third person in an action at law. It is, however, a clear recognition of the liability for the excess to the injured employee, or his representative in the event of death, and that by payment of compensation the employer is not subrogated to all the rights of the employee against the third party. If the statute were construed to preclude an action by an employee where compensation had been paid, the right to bring an action against the third party would rest entirely with the employer. No such purpose is indicated by the provisions under consideration. The compensation to which an employee is entitled arises out of his contract of employment, and as we have stated is not in the nature of damages for a tort. A settlement and release of any claim the plaintiff may have had against his employer which was predicated upon employment do not bar an action against defendant for the alleged malpractice. As stated in the Stratton Case, the defendant is not concerned with the distribution of the money which may be obtained from him, and no new defenses are available to him because plaintiff was an employee. The provisions of section 9446, as amended, are designed to provide an equitable adjustment between employer and employee when an employee is injured by the wrongful act of a third person and not to relieve such person from liability.

Defendants further contend that, notwithstanding the foregoing conclusion, within the terms of the release which discharged the employer, "its agents and servants, from any and all actions, causes of action, claims and damages, whether arising under said company's plan for Employee's Pension, Disability Benefits,

and Death Benefits, or at common law, for, upon or by reason of any damage, loss or injury which heretofore has been sustained * * * in consequence of an accident arising out of and in the course of my employment" the defendant physician was an agent of the employer. It is too apparent to require discussion that the relationship between plaintiff's employer and the physician was not that of master and servant or principal and agent. Quinn v. Kansas City, M. & B. R. Co., 94 Tenn. 718, 30 S. W. 1036, 28 L. R. A. 552, 45 Am. St. Rep. 767; Louisville & N. R. Co. v. Foard, 104 Ky. 456, 47 S. W. 342; Timmons v. Fulton Bag & Cotton Mills, 45 Ga. App. 670, 166 S. E. 40; Pearl v. West End St. Ry. Co., 176 Mass. 177, 57 N. E. 339, 49 L. R. A. 826, 79 Am. St. Rep. 302. The rule of respondeat superior does not apply.

We hold, therefore, that the motion for directed verdict should not have been granted. The judgment appealed from is reversed.

POLLEY and WARREN, JJ., concur.

CAMPBELL and RUDOLPH, JJ., dissent.