RICE, et al, Appellants, v. CITY OF WATERTOWN, et al, Respondents

(281 N. W. 116.)

(File No. 8194. Opinion filed August 10, 1938.)

*Andrew E. Foley,* of Watertown, for Appellants.

*D. K. Loucks,* of Watertown, for Respondents.

SMITH, J. Section four of article thirteen of the Constitution of South Dakota contains the following language:

"The debt of any * * * city * * * shall never exceed five (5) per centum upon the assessed valuation of the taxable property therein * * *."

To this language which appeared in the Constitution at the time of its adoption there was added by separate amendments in the years 1896 and 1902 respectively, the power to "* * * incur an additional indebtedness, not exceeding ten per centum upon the

assessed valuation * * * for the purpose of providing water and sewerage, for irrigation, domestic uses, sewerage and other purposes;" and the power for the benefit of cities of eight thousand or more to "* * * incur an indebtedness not exceeding eight per centum upon the assessed valuation of the taxable property therein * * * for the purpose of constructing street railways, electric lights or other lighting plants."

In an action which seeks to enjoin the city of Watertown from issuing its bonds for the purpose of constructing and equipping an auditorium, appellants assert that the power of a city to incur indebtedness for general purposes is exhausted whenever the aggregate existing debt of a city exceeds an amount equal to five per cent. of the assessed valuation thereof, even though such aggregate be made up in part or in toto of debts incurred for the purpose of providing the city with water, sewerage, street railways or lighting plants. The trial court rejected this contention and sustained the validity of the bonds.

In broad outline the following unquestioned facts were before the trial court. At the time in question Watertown had a population of over eight thousand, an assessed valuation of $8,512,450, five per cent. of which would equal $425,622.50, and an aggregate net indebtedness of $591,522.73, made up of general purpose bonds of $234,163.44, water and sewerage bonds of an aggregate net amount of $302,250, and electric lighting bonds in a net amount of $55,109.29. The authorized issues challenged by appellant amount to $58,000 and $10,000 respectively, and are for the admittedly general purpose of constructing and equipping an auditorium. From all of which it appears that the sum of the issues in question and the outstanding indebtedness incurred for general purposes will not exceed an amount equal to five per cent. of the assessed valuation, and that such percentage will be exceeded if all of the outstanding water, sewerage and lighting indebtedness must be taken into account in the calculation.

In the case of Wells v. City of Sioux Falls et al., 16 S. D. 547, 94 N. W. 425, it appeared that the city was about to issue bonds for the purpose of providing water for domestic uses at a time when its indebtedness for general purposes exceeded five per centum of its assessed valuation. It was there established that "* * * the 1896 amendment conferred power to incur indebted-

ness to an amount not exceeding 10 per cent. upon the assessed value of the taxable property within a municipal corporation for the purpose of providing water for irrigation and domestic uses, regardless of existing indebtedness incurred for other purposes."

Measured by its facts, the above holding goes no further than to establish that the Constitution permits a city with a population of eight thousand or more to incur an aggregate debt equal to twenty-three per cent. of its assessed valuation providing its indebtedness for general purposes is first incurred. Appellants contend that had Sioux Falls first incurred an indebtedness of more than five percent for the purpose of providing itself with water, sewerage, a street railway or an electric lighting plant, it would have been powerless thereafter to have created any indebtedness for general purposes. It is said that any other construction of the Constitution fails to attach meaning to the words of the principal clause of this section reading as follows, to wit: "The debt * * * shall never exceed five (5) per centum upon the assessed valuation."

Such interpretation would convict the Legislature which proposed the amendments and the people who adopted them of the improbable and unreasonable intention of rendering the debt limitation applicable to a particular municipal corporation dependent upon an insignificant circumstance, namely the order in which it had incurred its several debts. We can not conceive of a situation which would render it necessary or reasonably advisable for a community to obligate itself in an amount equal to twenty-three percent of its assessed valuation which would not obtain irrespective of the order in which the debts were to be incurred. It seems much more reasonable to presume an intention to separate these reservoirs of power to the end that a reasonable supply of credit would be available for all of these essential general and special municipal purposes. The power to use the corporate credit within reasonable limits is as essential to the welfare of a municipality as it is to protect it and its citizens from the paralyzing effects of an abuse of its credit. The need of power to borrow for general purposes will continue after a city has equipped itself with any or all of the utilities described in the amendments. A construction which accords with reason is to be preferred to a literal construction involving a palpable absurdity. 12 C. J. 703.

We are convinced that the 1896 and the 1902 amendments to the Constitution were intended to except the power to incur indebtedness for the purposes therein described from the five percent limitation imposed by the original provision, and that the resulting section contains three independent and mutually exclusive limitations upon the powers of the subdivisions therein described.

Similar language contained in the statutes and the Constitutions of other states have received a like construction. State ex rel. City of Carthage v. Hackmann, State Auditor, 287 Mo. 184, 229 S. W. 1078; Austin et al. v. City of Seattle et al., 2 Wash. 667, 27 P. 557; Graham v. City of Spokane et al., 19 Wash. 447, 53 P. 714; Hazeltine v. Blake, City Treasurer, 26 Wash. 231, 66 P. 394; State ex rel. Strahorn v. Blake, City Treasurer, 26 Wash. 237, 66 P. 396; Dean v. City of Walla Walla et al., 48 Wash. 75, 92 P. 895; Buntman et al. v. City of Phoenix et al., 32 Ariz. 18, 255 P. 490; Allison v. City of Phoenix et al., 44 Ariz. 66, 33 P. 2d 927, 93 A. L. R. 354; People ex rel. O'Meara v. City Council of Salt Lake City, 23 Utah 13, 64 P. 460.

The order and judgment of the trial court are affirmed.

All the Judges concur.