2000 SD 90

**Lillian HERR, Claimant and Appellee,**

v.

**DAKOTAH, INC., Employer and Appellant,**

and

**CNA Insurance Company, Insurer and Appellant.**

No. 21424.

Supreme Court of South Dakota.

Considered on Briefs May 30, 2000.

Decided July 12, 2000.

Ronald L. Schulz, Thomas J. Linngren of Green, Schulz, Roby, Oviatt, Cummings & Linngren, Watertown, South Dakota, Attorneys for appellee.

Kenneth L. Chleborad of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, Rapid City, South Dakota, Attorneys for appellants.

MILLER, Chief Justice.

[¶ 1.] In this workers' compensation case we hold that the circuit court committed reversible error by dismissing an appeal on the basis of res judicata prior to receiving either a statement of issues or the parties' briefs. We further hold that the issue raised on appeal was not res judicata. Finally, we hold that it was error for the circuit court to assert jurisdiction over the case, since the Department of Labor had retained continuing jurisdiction over all unsettled compensation issues.

**FACTS**

[¶ 2.] A similar aspect of this workers' compensation case was previously considered by this Court. On October 25, 1999, we summarily affirmed both the circuit court's entry of judgment in favor of Herr for accrued workers' compensation benefits, and the denial of Dakotah, Inc.'s, and its insurer CNA's (collectively "Dakotah") motion for relief from judgment. *See*

*Herr v. Dakotah, Inc.,* 604 N.W.2d 868 (S.D. 1999) (aff'd. mem). The convoluted history of this case is summarized below.

[¶ 3.] The action began when Herr filed claims for workers' compensation benefits against Dakotah for work-related injuries to her elbow, neck and shoulder. A hearing was held before the South Dakota Department of Labor, Division of Labor and Management, (Department) to adjudicate the claims. On February 24, 1998, Department issued its first set of findings and conclusions in connection with Herr's claim. It found that her elbow and neck problems arose out of and in the course of her employment at Dakotah. Accordingly, it concluded that Dakotah was responsible for any benefits to which she was entitled.

[¶ 4.] The findings and conclusions did not specify the amount of workers' compensation benefits to which Herr was entitled. Because of this omitted information, she petitioned Department requesting the issue be reconsidered in order to make such a determination. Department granted the petition and heard the matter a second time with respect to the issues of Herr's average weekly wage, corresponding benefit rate, and interest. It entered a second set of findings and conclusions on August 25, 1998.

[¶ 5.] Pursuant to SDCL 62–7–31, Herr obtained a judgment in circuit court based on Department's second findings and conclusions. Dakotah filed a motion for relief from the judgment, raising factual issues already settled. The circuit court denied the motion on the basis of res judicata, and we summarily affirmed.

[¶ 6.] In November 1999, after our summary affirmance, Dakotah filed a petition with Department, requesting "that a determination be made that [Herr] has reached maximum medical improvement as of July 26, 1996 [the date of one medical report that allegedly established Herr had reached maximum medical improvement], and for a determination of benefits owed to [Herr]." In response, Herr filed a motion

to dismiss the petition under SDCL 15–6–12(b)(5) on the basis of res judicata.

[¶ 7.] Contemporaneous with the proceedings at the administrative level, Herr obtained entry of a second judgment in circuit court for benefits accrued since the first judgment had been entered. In response, Dakotah filed a motion to set aside the second judgment. The circuit court granted Dakotah's motion, pending a resolution of issues before Department. However, the court reserved the right to re-enter the judgment depending on the outcome of the issues being considered at the administrative level.

[¶ 8.] On January 13, 2000, Department granted Herr's motion to dismiss Dakotah's petition for hearing, concluding that the issues presented therein were res judicata. Based on Department's decision, Herr filed an affidavit in circuit court requesting that the previously vacated judgment be reinstated. At the same time, the court received a notice of appeal from Dakotah. Herr countered Dakotah's notice of appeal with a motion to dismiss on the basis of res judicata.

[¶ 9.] After a hearing on all these issues, the circuit court reinstated the previously vacated judgment in favor of Herr, granted her motion to dismiss Dakotah's notice of appeal, and dismissed Dakotah's notice of appeal under SDCL 15–6–12(b)(5) on the basis of res judicata.

[¶ 10.] Dakotah appeals, raising three issues:

1. Whether the circuit court erred in dismissing the appeal on the basis of res judicata prior to briefing.

2. Whether the circuit court erred in concluding that the issue raised on appeal was res judicata.

3. Whether the circuit court had jurisdiction to enter the second judgment for accrued benefits.

## STANDARD OF REVIEW

[¶ 11.] SDCL 1–26–37 governs our review of agency decisions. This Court "shall 'give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does other appeals from the circuit court.'" *Wernke v. State of South Dakota Dep't of Soc. Servs.*, 1999 SD 32 ¶ 4, 590 N.W.2d 260, 262 (quoting SDCL 1–26–37). When the issue is a question of fact, the actions of the agency are judged by the clearly erroneous standard. *Rasmussen v. South Dakota Dep't of Labor*, 510 N.W.2d 655, 657 (S.D.1993). "If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse." *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, ¶ 6, 575 N.W.2d 225, 228 (citing *Spitzack v. Berg Corp.*, 532 N.W.2d 72, 75 (S.D.1995) (citations omitted)). When the issue is a question of law, the actions of the agency are fully reviewable. *In re State & City Sales Tax Liab.*, 437 N.W.2d 209, 211 (S.D.1989). Mixed questions of law and fact are also fully reviewable. *Permann v. Department of Labor, Unemp. Ins. Div.*, 411 N.W.2d 113, 119 (S.D.1987).

## DECISION

[¶ 12.] **1. The circuit court erred in dismissing Dakotah's appeal on the basis of res judicata prior to briefing.**

[¶ 13.] Department entered its order dismissing Dakotah's petition for hearing on January 20, 2000. Four days later Dakotah filed a notice of appeal in the circuit court, which was quickly countered with another motion to dismiss by Herr. Dakotah did not file a statement of issues or a brief in support of its appeal. (The statutory time limits to do so had not expired. *See* SDCL 1–26–31.4; 1–26–33.2.) On January 26, 2000, the court heard oral arguments in the matter. The following day it dismissed Dakotah's appeal, stating in its order: "The Court has considered the pleadings and the file in this matter and has heard the oral arguments of counsel and the Court finds that the basic issues

raised by [Dakotah] on appeal have been previously adjudicated."

[¶ 14.] On appeal, Dakotah contends that "[i]t is impossible to perceive how the [c]ircuit [c]ourt could, from the bare language of the [n]otice of [a]ppeal, have determined the existence of the elements of res judicata." We agree.

■ [¶ 15.] SDCL 1–26–32.1 makes the rules of civil appellate procedure applicable to administrative actions "so far as the same may be consistent and applicable." Herr's motion to dismiss was pursuant to SDCL 15–6–12(b)(5). That statute provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . . .
>
> (5) Failure to state a claim upon which relief can be granted;
>
> . . . .
>
> ... If, on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in § 15–6–56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by § 15–6–56.

[¶ 16.] A motion to dismiss looks to the pleadings to determine whether a claim for relief has been properly asserted. In order to constitute a pleading, the document must contain (1) a short plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. SDCL 15–6–8(a).

[¶ 17.] Dakotah's notice of appeal contained neither of the elements required by SDCL 15–6–8(a). It therefore cannot be deemed a pleading sufficient to determine whether a claim for relief has been properly asserted. Since there was no pleading, dismissal under SDCL 15–6–12(b)(5) for failure to state a claim was error.

■ [¶ 18.] For sake of argument, even were we to conclude that the notice of review constituted a pleading, the trial court's written order indicated that it considered matters outside the pleadings, including the file and oral arguments, in ruling on the motion to dismiss. As we stated in *Richards v. Lenz:*

> Under SDCL 15–6–12(b)(5), where one moves to dismiss for failure to state a claim and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in § 15–6–56, and *all parties shall be given the reasonable opportunity to present all material made pertinent to such a motion by § 15–6–56.*"

539 N.W.2d 80, 83 (S.D.1995) (quoting *Norwest Bank Black Hills v. Rapid City Teachers Fed. Credit Union,* 433 N.W.2d 560, 562 (S.D.1988)). *See also Jensen Ranch, Inc. v. Marsden,* 440 N.W.2d 762, 764 (S.D.1989); *In re P.A.M.,* 505 N.W.2d 395, 396 n. 1 (S.D.1993); *Wasserburger v. Consolidated Management Corp.,* 459 N.W.2d 561, 565 (S.D.1990). Where the court elects to treat a motion to dismiss as a motion for summary judgment, it must notify the parties of its intent and give them an opportunity to present matters pertinent to summary judgment. *Olson v. Molko,* 86 S.D. 365, 367, 195 N.W.2d 812 (1972).

[¶ 19.] There is no evidence in the record that the circuit court followed such a procedure, even though it is mandatory. Therefore, it was error to treat the motion to dismiss as one for summary judgment, and it was error to grant such a motion.

**[¶ 20.] 2. The circuit court erred in finding that the issue raised on appeal was res judicata.**

[¶ 21.] In its November 1999 petition for hearing, Dakotah stated and alleged, *inter alia*, that one physician found Herr reached maximum medical improvement as of July 1996, but that Department had not yet adjudicated such issue. Therefore the petition prayed that "a hearing be held on this matter, that a determination be made that [Herr] has reached maximum medical improvement as of July 26, 1996, and for a determination of benefits owed to [Herr]."

[¶ 22.] Department dismissed the petition, explaining in its letter decision that Dakotah had not seized the opportunity to raise the issue of maximum medical improvement during previous adjudications, therefore the request was res judicata. As previously discussed, the circuit court dismissed Dakotah's appeal of the denial, simply stating that "the basic issues raised by [Dakotah] on appeal have been previously adjudicated."

[¶ 23.] Dakotah argues on appeal that the circuit court erred in concluding that the issue of maximum medical improvement had been adjudicated. In doing so, it concedes in its brief that the November 1999 petition was far from crystal clear in requesting a determination of maximum medical improvement: "It appears that both [Department] ... and the [c]ircuit [c]ourt itself may have been misled into their rulings by the language of that [p]etition's request for a determination ..." Despite the misleading language, Dakotah strenuously asserts that its intent in filing the petition was simply to invoke its right to a determination of whether, and when, Herr reached maximum medical improvement. We agree that the issue of maximum medical improvement for Herr's elbow problems was left open by Department in its previous adjudications, therefore we hold the circuit court erred in dismissing the appeal as res judicata.

[¶ 24.] Workers' compensation awards are res judicata as to all matters considered unless Department has reserved continuous jurisdiction over one or more questions. *Larsen v. Sioux Falls Sch. Dist. 49–5*, 509 N.W.2d 703, 706 (S.D. 1993) (citations omitted). If Department's order continues jurisdiction over an award, it does not achieve finality. *Call v. Benevolent & Protective Order of Elks*, 307 N.W.2d 138, 139 (S.D.1981).

[¶ 25.] When considering claims involving res judicata, we apply four factors to determine if the doctrine applies:

(1) was the issue decided in the former adjudication identical to the present issue; (2) was there a final judgment on the merits; (3) are the parties in the two actions the same or in privity; and (4) was there a full and fair opportunity to litigate the issues in the prior adjudication?

*D.G. v. D.M.K.*, 1996 SD 144, ¶ 27, 557 N.W.2d 235, 240; *Springer v. Black*, 520 N.W.2d 77, 79 (S.D.1994).

[¶ 26.] There is ample evidence in the record showing that, although previously raised by Dakotah, the issue of maximum medical improvement for Herr's elbow problems has not been adjudicated. First, the briefs submitted in the prior appeal to this Court show that the narrow issue presented was whether the circuit court's first entry of judgment was proper based on Department's August 1998 findings and conclusions. That appeal involved the amount of Herr's weekly benefit entitlement, not whether she had reached maximum medical improvement. Indeed, at page 6 of Herr's brief to this Court in that appeal, she affirmatively stated that "[t]o date, no administrative determination has been made regarding whether Herr has achieved maximum medical improvement or impairment with respect to her elbow." In that same brief at page 7, she suggested that Dakotah undertake the exact course of action that it subsequently followed:

Therefore, [Dakotah's] mechanism for terminating temporary benefits is to schedule Herr for a medical exam to determine the status of her condition and, if she is believed to have reached maximum medical improvement, to bring a motion on for hearing seeking termination of temporary benefits. To date, [Dakotah] has not attempted to take either of these steps.

[¶ 27.] Additional evidence that the issue of maximum medical improvement was not adjudicated can be found in Department's August 1998 findings and conclusions, which provided in pertinent part:

### Findings of Fact

1. Claimant's injury report of February 15, 1993, establishes a compensable injury to her elbow and the February 3, 1995, injury report was an injury to Claimant's neck and shoulder.

2. As to Claimant's neck and shoulder injury, Dr. Malek, Claimant's treating physician for her neck and shoulder problems, found Claimant to have reached maximum medical improvement in those areas and rated Claimant for permanent impairment on January 30, 1995.

. . . .

5. *Dr. Malek did not make determinations of maximum medical improvement or impairment for claimant's elbow problems.*

. . . .

### Conclusions of Law

. . . .

3. CNA shall pay to Claimant weekly compensation of $181.34 a week beginning January 23, 1995, and continuing each week thereafter *until claimant reaches maximum medical improvement or impairment for her elbow problems* plus interest at 10% per annum computed from and after January 23, 1995, on all compensation due Claimant until paid.

4. The South Dakota Department of Labor shall maintain continuing jurisdiction until all issues of compensation are finalized.

(emphasis added).

[¶ 28.] Thus, although the parties are the same as in previous adjudications, the issue of whether Herr's elbow problems have achieved maximum medical improvement has not been decided. Moreover, by its own declaration Department retained jurisdiction over this case "until all issues of compensation are finalized," thereby precluding final judgment on the merits of whether, and when, Herr reached maximum medical improvement. *Call,* 307 N.W.2d at 139.

[¶ 29.] Were we to accept Herr's position, the result would be a perpetual award of temporary disability benefits, because Dakotah would be foreclosed on the basis of res judicata from ever raising the issue with Department. Surely the doctrine does not intend such an absurd result. *Cf. Salmon v. Denhart Elevators,* 72 S.D. 110, 116, 30 N.W.2d 644, 647 (1948) (stating that temporary workers' compensation benefits are to be terminated upon complete recovery, or when a specific loss becomes ascertainable). For all these reasons, we hold that the circuit court erred in dismissing Dakotah's appeal on the basis of res judicata.

[¶ 30.] **3. The circuit court did not have jurisdiction to enter the second judgment for accrued benefits.**

[¶ 31.] We have already concluded that the trial court erred in dismissing Dakotah's appeal before briefing, and we have concluded that the issue of maximum medical improvement is not res judicata. Because Department expressly retained jurisdiction over all issues of compensation until finalized, (see previous discussion) the circuit court was without jurisdiction to enter the second judgment awarding bene-

fits for the period of December 4, 1998, to January 19, 2000.

[¶ 32.] We reverse and remand the circuit court's dismissal of Dakotah's appeal. The circuit court is directed to remand this case to Department for a hearing on the issue of Herr's maximum medical improvement in accordance with this holding.

[¶ 33.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.