2003 SD 121

Nelva BLENNER, Claimant
and Appellee,

v.

CITY OF RAPID CITY, Employer
and Appellant,

and

South Dakota Municipal League
Workers Compensation Fund,
Insurer and Appellant.

Nos. 22512, 22526.

Supreme Court of South Dakota.

Argued Feb. 13, 2003.

Decided Oct. 1, 2003.

Frank Driscoll of DeMersseman Jensen, Rapid City, SD, for appellee.

Mark J. Welter of Woods, Fuller, Shultz & Smith, Sioux Falls, SD, for appellants.

GIENAPP, Circuit Judge.

[¶ 1.] **Circuit Judge David R. Gienapp, sitting for Justice Richard W. Sabers, disqualified, delivers the majority opinion of the Court on Issue One, which holds that Blenner's loss of use rating should not have been added to her partial disability rating.**

[¶ 2.] **Justice Steven L. Zinter delivers the majority opinion on Issue Two, which holds that prejudgment interest on the permanent partial disability benefits runs from the date of the impairment rating and is calculated on each payment as it becomes due.**

[¶ 3.] **Judge Gienapp dissents on Issue Two.**

[¶ 4.] **Circuit Judge Gienapp delivers the majority opinion on Issue Three, which holds that the prejudgment inter-**est rate is the Category C rate pursuant to SDCL 54–3–16(3).

[¶ 5.] **GIENAPP, Circuit Judge, writing the majority opinion on Issue One.**

[¶ 6.] This is an appeal by the City of Rapid City (Employer) and the South Dakota Municipal League Worker's Compensation Fund (Insurer) from a circuit court decision and order affirming a decision of the Department of Labor in a workers' compensation case commenced by Nelva Blenner. We reverse and remand.

FACTS AND PROCEDURE

[¶ 7.] While employed by the South Dakota School of Mines and Technology as a secretary, Nelva Blenner (Blenner) suffered a back injury. In 1978 she underwent back surgery to correct the problem. In connection with the 1978 back injury the physician reported a fifteen percent whole person impairment rating to the insurer.

[¶ 8.] After employment with the School of Mines, Blenner became employed by the Rapid City Police Department as a sergeant. The injury at issue in this case occurred while she was receiving training on a new weight machine on February 23, 1993. The trainer forgot to reduce the weight setting on the machine and when Blenner got on the machine to exercise, her lower back was immediately injured. As a result, she underwent two microdiscectomies in 1993 and a spinal fusion in 1994. After Blenner's accrued sick leave was exhausted in October 1994 she resigned from the Rapid City Police Department.

[¶ 9.] Prior to the injury Blenner had received a two-year degree in general studies. Insurer agreed to allow her to return to Black Hills State University in January 1995 to complete her bachelor's degree. Insurer paid rehabilitation bene-

fits from January 1995 through December 31, 1996, and also paid all of the total temporary disability benefits that Blenner was entitled to prior to her receiving her permanent partial disability rating.

[¶ 10.] Insurer had Blenner examined by Dr. Lee Ahrlin who found that Blenner had attained maximum medical improvement and gave a twenty-five percent whole person permanent partial disability (PPD) rating. Dr. Ahrlin subtracted the fifteen percent whole person impairment rating from the previous injury which occurred at the time Blenner was employed by the South Dakota School of Mines. This resulted in a finding that Blenner had a net ten percent PPD rating as a result of the police department injury. Blenner did not agree that the PPD rating adequately reflected her loss and petitioned for benefits pursuant to *Cozine v. Midwest Coast Transport, Inc.*, 454 N.W.2d 548 (S.D. 1990).

[¶ 11.] A hearing was held before the Administrative Law Judge (ALJ). At issue was the extent of Blenner's entitlement to *Cozine* benefits for loss of use under SDCL 62–1–1(9) and SDCL 62–4–6. Three vocational rehabilitation expert witnesses testified at the hearing. One of the experts was called by Blenner and the other two experts were called by the Employer/Insurer. The ALJ rejected the testimony of Blenner's expert. The ALJ found that one of the Employer/Insurer's experts found a loss of earning capacity in the amount of eighteen percent and the other Employer/ Insurer's expert found a loss of earning capacity of thirty-eight percent. The ALJ averaged the eighteen percent and thirty-eight percent to get a *Cozine* loss of twenty-eight percent. In addition the ALJ found there was a ten percent net medical impairment rating of the whole body. The ALJ added this ten percent to the twenty-eight percent *Cozine*

loss for a total loss of thirty-eight percent. The ALJ also awarded interest on the ten percent permanent partial disability from the date of the rating until paid.

[¶ 12.] The circuit court affirmed the decision of the ALJ. The circuit court established the rate of interest on the permanent partial disability at ten percent.

## APPEAL ISSUES

### ISSUE ONE

Should the Department of Labor have added Blenner's loss of use rating to her permanent partial disability rating?

### ISSUE TWO

Should the Department of Labor have awarded interest on the permanent partial disability benefits from the date of the impairment rating?

## NOTICE OF REVIEW ISSUE

### ISSUE THREE

If interest is recoverable, what is the applicable rate of interest?

## STANDARD OF REVIEW

[¶ 13.] The standard of review in workers' compensation cases is well established. *Davidson v. Horton Industries, Inc.*, 2002 SD 27, 641 N.W.2d 138. Under SDCL 1–26–37, when the issue is a question of fact the clearly erroneous standard is applied to the agency's findings; however, when the issue is a question of law the actions of the agency are fully reviewable. *Id.*

## ANALYSIS

### ISSUE ONE

[¶ 14.] **Should the Department of Labor have added Blenner's loss of use**

**rating to her permanent partial disability rating?**

■ [¶ 15.] The ALJ found that the twenty-eight percent *Cozine* benefit should be added to the ten percent medical impairment rating. The circuit court affirmed.

[¶ 16.] At the time of Blenner's injury, SDCL 62-1-1(9) read as follows:

"Permanent partial disability," a loss of use of the body or member of the body which is partial and permanent and shall be determined by a medical impairment rating, expressed as a percentage of the effected body part, using the guide to evaluation of permanent impairment established by the American medical association, third edition, November 1988. *In addition to the medical impairment rating as set forth above, the employee is entitled to receive up to an additional fifty percent of the affected body part if the medical impairment rating given does not adequately reflect his loss of use as measured by the ability of the employee to perform work in the open labor market and to earn comparable wages taking into consideration the employee's education, training, experience and capacity for rehabilitation.* There is a presumption that the employee has no loss of use beyond the medical impairment rating if the employee is able to return to his usual and customary line of employment. (emphasis added.)

This form of SDCL 62-1-1(9) was enacted in 1992, SD Sess.L. ch. 364, § 4, and was repealed in 1994. 1994 SD Sess.L. ch. 396, § 5. Blenner's injury occurred during this 1992-1994 time frame.

■ [¶ 17.] The ALJ and the circuit court found that SDCL 62-1-1(9) allowed the stacking of the *Cozine* rating and the medical impairment rating. This issue involves an interpretation of SDCL 62-1-1(9). As a consequence our review is a de novo review. *Davidson v. Horton,* 2002 SD 27 at ¶ 17, 641 N.W.2d at 141. Our review of the evidence as it relates to this issue is based on the clearly erroneous standard. *Id.*

[¶ 18.] In *Tischler v. United Parcel Service,* 1996 SD 98, 552 N.W.2d 597, we held that under *Caldwell v. John Morrell & Co.,* 489 N.W.2d 353 (S.D.1992), and *Cozine* there is an allowance of recovery to the full extent of loss of use; however, this does not authorize an employee to recover based on a medical impairment rating plus the employee's loss of use. While *Tischler* was decided after SDCL 62-1-1(9) was repealed, the wording of SDCL 62-1-1(9) in effect at the time of the Blenner injury does not create a different result.

[¶ 19.] Blenner contends the wording of SDCL 62-1-1(9) mandates an automatic stacking of the *Cozine* benefits and the PPD loss. We find SDCL 62-1-1(9) does not mandate such stacking and the *Cozine* benefits and PPD loss would only be added when supported by expert testimony establishing PPD loss was not part of the *Cozine* analysis of *Cozine* loss. Such expert testimony is not in existence in this case, and the expert testimony relied on by the ALJ did not provide that the loss of use was over and above the medical impairment rating.[1]

■ [¶ 20.] When SDCL 62-1-1(9) provided for "up to an additional 50 percent of the affected body part if the medical impairment rating does not adequately reflect his loss of use as measured by the ability of the employee to perform work in

1. The only expert who testified that the PPD was not a factor in the Cozine analysis was Jerry Gravatt. Gravatt was an expert called to testify by Blenner. The ALJ rejected the testimony of Gravatt.

the open labor market to earn comparable wages" it did not mandate stacking; rather the language was permissive and the word "additional" in the statute limited the phrase "50 percent." Any other interpretation could lead to results mandating recovery of over one hundred percent. A construction which accords with reason is to be preferred to a literal construction involving a palpable absurdity. *Rice v. City of Watertown*, 66 S.D. 221, 281 N.W. 116 (1938).

[¶ 21.] The circuit court erred in stacking the twenty-eight percent *Cozine* benefit above the ten percent medical impairment rating. Blenner is entitled only to a twenty-eight percent rating in connection with her work related injury. Accordingly, we reverse the circuit court and remand for further action in accordance with this decision.

[¶ 22.] GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices and LOVRIEN, Circuit Judge, concur.

[¶ 23.] ZINTER, Justice, writing for the majority on Issue Two.

## ISSUE TWO

[¶ 24.] **Should the Department of Labor have awarded interest on the permanent partial disability benefits from the date of the permanent partial disability rating?**

■ [¶ 25.] Dr. Ahrlin issued the permanent partial disability rating on June 26, 1995. The ALJ found Blenner was entitled to interest on the PPD benefits from the date of Dr. Ahrlin's rating to the date paid. The circuit court affirmed. This is a question of law and is reviewed by this Court de novo. *Davidson*, 2002 SD 27 at ¶ 19, 641 N.W.2d at 141.

[¶ 26.] We addressed the general issue of prejudgment interest awards in *Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D.1984) and *Tischler*, 1996 SD 98, 552 N.W.2d 597. We held that employees are entitled to prejudgment interest on PPD benefits. Therefore, Blenner was entitled to prejudgment interest on the benefits due under the PPD rating for the permanent injury to her back.

[¶ 27.] We must, however, determine whether that interest should be paid from the date of Dr. Ahrlin's PPD rating on June 26, 1995. A resolution of this issue is complicated by the fact that Blenner was collecting rehabilitation benefits pursuant to SDCL 62-4-5.1 until December 31, 1996. Because Blenner was receiving rehabilitation benefits at the time of Dr. Ahrlin's PPD rating, Employer argues that, under SDCL 62-4-6, interest should not commence on the PPD benefits until the rehabilitation benefits terminated. We disagree.

[¶ 28.] SDCL 62-4-6, as it existed at that time, authorized PPD benefits and rehabilitation benefits. It authorized the PPD benefits "in addition to" rehabilitation benefits.

> For injuries in the following schedule, an employee shall receive *in addition to compensation provided* by §§ 62-4-1, 62-4-3 and *62-4-5.1* [*rehabilitation benefits*], compensation for the following further periods [*PPD benefits*], subject to the limitations as to rate and amounts fixed in § 62-4-3, for the specific loss herein mentioned, but shall not received any compensation under any other provision of this title. (emphasis supplied).

*Id.*

[¶ 29.] Although Employer argues that, under this statute, interest on PPD benefits should not commence until rehabilitation payments have ended, we see nothing in the language of SDCL 62-4-6 that war-

rants that conclusion. Obviously, a worker is not entitled to prejudgment interest on a workers compensation award until the worker becomes entitled to receive the award. However, there is no statutory language in SDCL 62–4–6 providing that PPD benefits may not *commence* until rehabilitation benefits *terminate*. Rather, the operative language of this statute provides that PPD benefits are payable "in addition to" rehabilitation benefits. This "in addition to" language does not suggest that the legislature intended to delay or preclude a simultaneous entitlement to rehabilitation benefits and the benefit an injured worker is entitled to for the permanent partial disability. Therefore, Blenner was entitled to prejudgment interest from the date of her permanent partial disability rating.

[¶ 30.] Our precedent supports this conclusion. In *Tischler* we expressly affirmed the award of prejudgment interest "from the dates of the impairment ratings even though UPS disputed liability." *Id.* at ¶ 65, 552 N.W.2d at 607. Therefore, the trial court correctly concluded that because claimant was entitled to the benefits from the June 26, 1995 impairment rating date, prejudgment interest should also commence from that date.[2]

[¶ 31.] We do, however, agree that because a lump sum payment was not authorized for the PPD benefits pursuant to SDCL 62–7–6, interest should not have been awarded from June 26, 1995 on the sum of all payments subsequently paid. Instead, interest should have commenced on the date of the PPD rating (June 26, 1995), but it should have been calculated on each weekly payment as it became due.

[¶ 32.] The interest award on PPD benefits is reversed and remanded for recalculation in accordance with this decision.

[¶ 33.] GILBERTSON, Chief Justice, MEIERHENRY, Justice, and LOVRIEN, Circuit Judge, concur.

[¶ 34.] GIENAPP, Circuit Judge, dissenting on Issue Two.

[¶ 35.] GIENAPP, Circuit Judge (dissenting).

[¶ 36.] I dissent as to one aspect of the majority decision on Issue Two. I agree that Blenner is entitled to prejudgment interest on the benefits due under the PPD rating for the permanent injury to her back. I also agree with the majority decision relating to the determination that when there is not a lump sum payment that prejudgment interest should be calculated on each weekly payment as it becomes due. Where I part company with the majority is as to the issue as to the time of the commencement of PPD benefits and as a result when interest would commence accruing on the PPD benefits. The PPD benefits are not due until the rehabilitation benefits terminate and interest should not commence until that time.

[¶ 37.] SDCL 62–4–6, as it existed at the time, indicates that PPD payments would be for the *following further periods (emphasis supplied.)* The use of the word further in SDCL 62–4–6 establishes that those periods would not commence until subsequent to the exhaustion of the rehabilitation benefits. As a result, unless there was a lump sum payment which is

---

**2.** The reference to the phrase "further periods" in SDCL 62–4–6 as noted by the dissent, does not change this conclusion. Under the schedule of benefits provided by §§ 62–4–1, 62–4–3 and 63–4–5.1, benefits are awarded in the form of "periods" of weekly compensation. Thus "further periods" is a reference to compensation "amounts" to which a claimant is entitled, rather than the periods of time when benefits commence.

not the case herein, the periodic payments for PPD benefits do not commence until after the exhaustion of the rehabilitation benefits under the plain statutory wording and as a consequence prejudgment interest would not commence until that time. Under the facts of this case that time is subsequent to the date of Dr. Ahrlin's PPD rating.

[¶ 38.] The true intention of a statute is to be ascertained primarily from the language expressed in the statute. *Moss v. Guttormson*, 1996 SD 76, 551 N.W.2d 14. The use of the word further in SDCL 62–4–6 establishes that the PPD benefits are after the rehabilitation benefits. I would reverse and remand for the computation of prejudgment interest from the time that the PPD benefits became payable which is after the exhaustion of the rehabilitation benefits.

[¶ 39.] GIENAPP, Circuit Judge, writing for the majority on Issue Three.

## ISSUE THREE

[¶ 40.] **What is the applicable rate of prejudgment interest?**

[¶ 41.] The ALJ allowed prejudgment interest on the PPD, but did not determine the applicable rate of interest. The circuit court held the applicable statutory prejudgment interest rate was pursuant to SDCL 54–3–5 at the Category B rate, ten percent, as established in SDCL

54–3–16(2).[3] This issue is before this Court pursuant to a notice of review filed by Blenner. This is a question of law and is reviewed by this Court de novo. *Davidson v. Horton*, 2002 SD 27 at ¶ 17, 641 N.W.2d at 141.

[¶ 42.] Blenner contends that SDCL 54–3–5 is the operative statute for prejudgment interest and interest should be at the Category F rate established by SDCL 54–3–16. Blenner contends that payments for PPD do not constitute damages as referred to in SDCL 21–1–13.1 and as a consequence SDCL 54–3–5 is the operative statute.

[¶ 43.] Employer/Insurer takes the position that SDCL 21–1–13.1 is the operative statute for the purpose of determining the rate of interest and that interest should be at the Category B rate.[4] SDCL 21–1–13.1 was enacted in 1990 and had not been enacted at the time of the incidents involved in *Skelly Oil* and *Tischler* decisions.

[¶ 44.] In *Skelly Oil* and *Tischler* this Court upheld prejudgment interest in workers' compensation cases. In both *Skelly Oil* and *Tischler* SDCL 21–1–11 was established as being the empowering statute for prejudgment interest. While Blenner takes the position that SDCL 54–3–5 is the applicable statute, it was enacted prior to *Skelly Oil* and *Tischler* decision, and, was in existence at the time the issue was decided.

---

3. The circuit court held that the applicable statutory prejudgment interest statute is SDCL 54–3–5 and indicated that interest under SDCL 54–3–5 is at the Category B rate as established by SDCL 54–3–16(2) of ten percent. The circuit court's decision is inconsistent. If SDCL 54–3–5 is the applicable statute it should not be Category B interest. Conversely, if the interest is Category B interest then SDCL 54–3–5 is not the enabling statute.

4. In *Herr v. Dakotah, Inc.*, 2000 SD 90, 613 N.W.2d 549, this Court dealt with a workers' compensation case that provided for interest at the ten percent rate. The issue of the proper rate of interest was not raised or addressed in that decision.

[¶ 45.] SDCL 54–3–5 sets the interest rate, in relevant part, on amounts "due on any instrument of writing, and on moneys lent, or due on any settlement of accounts."

[¶ 46.] SDCL 57A–3–104(b) defines "instrument" as a negotiable instrument. Additionally, an instrument has been defined as:

> A formal or legal document in writing, such as a contract, deed, will, bond or lease. A writing that satisfies the requisites of negotiability prescribed by UCC Art. 3. A negotiable instrument (defined in UCC § 3–104), or a security (defined in UCC § 8–102) or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment. UCC § 9–501(1).

Black's Law Dictionary, 801 (6th ed. 1990). Workers' compensation benefits are not encompassed in the wording at SDCL 54–3–5 and prejudgment interest should not be based on SDCL 54–3–5.

[¶ 47.] SDCL 21–1–13.1 provides for prejudgment interest, under certain criteria, for any person who is entitled to recover damages. SDCL 21–1–1 defines damages:

> Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefore in money, which is called damages. Detriment is a loss or harm suffered in person or property.

This definition utilizes the phrase "recover for the person in fault" as part of the definition of damages. Compensation under the workers' compensation law is not based on fault, but rather is a responsibility which the employer assumes. SDCL 62–3–1; *Benson v. Sioux Falls Medical and Surgical Clinic,* 62 S.D. 324, 252 N.W. 864 (1934). An award for workers' compensation pursuant to a work related injury is not encompassed by the wording of SDCL 21–1–13.1.

[¶ 48.] *Skelly Oil* and *Tischler* held SDCL 21–1–11 to be the operative statute for prejudgment interest in connection with workers' compensation awards. SDCL 54–3–4 would have been the appropriate statute for interest computation pursuant to SDCL 21–1–11. The enactment of SDCL 21–1–13.1 and SDCL 21–1–13.2 does not alter the applicability of SDCL 54–3–4. That statute, a catchall provision that applies the category C rate of interest, applies where there is any general " obligation to pay interest." *Id.* Because this is the most applicable statute for a workers compensation award, the category C rate applies. Prejudgment interest is recoverable at the Category C rate of interest pursuant to SDCL 54–3–4, and SDCL 54–3–16(3).[5]

[¶ 49.] The lower court's decision to impose a Category B rate of interest pursuant to SDCL 54–3–16(2) is reversed and remanded for entry of an order indicating that the Category C rate is assessed pursuant to SDCL 54–3–16(3).

[¶ 50.] GILBERTSON, Chief Justice, ZINTER and MEIERHENRY, Justices, and LOVRIEN, Circuit Judge, concur.

---

**5.** Category C interest is presently twelve percent and was amended to twelve percent in 1994 which was prior to the time when any prejudgment interest would be payable to Blenner.

[¶ 51.] GIENAPP, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 52.] LOVRIEN, Circuit Judge, for KONENKAMP, Justice, disqualified.